Judge Logan
delivered the opinion of the court;
Lawless having purchased of John Jones a certain tract of land, containing by survey 450 acres, which he alledges to have been conveyed from William Croghan, the patea- *17 tae, to f Abraham Hamer, and by him to the said Jones.
A mista!» m the calls oí tfconectel hr the other caj'1’ thereof: «“"⅞* h’rs. «¿hied 569, Helm vs. Small; post, Swann vs Wilson. decisions, pa ⅛!™,’
*17 For which he covenanted to pay Z450, subject to a'deduction of Z90,in the event of a'ferry on the land being lost; and, also, to refund 20s per acre for any part of the land tvliich should be taken by other claims. And a part of the consideration being unpaid, suit was instituted and judgment recovered against Lawless. To injoin which, he fi-lad his bill, ailedging the following as the ground of relief: — ■
1. The loss of the ferry.
2. That the deed from Jones did not comprehend the whole tract; and the want of the relinquishment of his wife’s dower. ⅝
8'. That prior to his purchase, part of the land had been sold under an éxecution. And
4. That credits to which he was entitled, had not been given.
I. With respect to the ferry, it is represented to have existed at the time of the purchase. But, after Lawless had made the purchase, he proceeded to the establishment of a ferry in his own name; and, owing to defects in the proceedings, the judgment and order establishing the same, were reversed. But, since that reversal, the appellant has procured the establishment of a ferry.
Though it is abundantly proven, that the appellant has sustained considerable expense, and been put to great trouble in the establishment of the ferry; he certainly can have no ground to look to the appellees for remuneration. There was a ferry on the land when Jones sold to him. The attempt, by Lawless, to establish a ferry afterwards in his own name, ought not to render the vendor responsible. The ferry which was on the land at the time of the purchase, was not thereby lost. And his want of success, seems more properly attributable to erroneous proceedings, than to the want of right; and, therefore, forms no just. ground of relief in the present contest.
IL As to the defects alledgcd in the conveyance, the ground is equally unavailing. The mistake in one of the courses'of the patent, is obviously corrected by other description therein. And the only variance between the patent and the deed, is immaterial, as both comprehend the same land. They begin at the same trees on the mr¿rgm of the' river, and run with its meanders to certain other trees, differing in some oí tac courses and distances, with- *18 oot ⅞ call for any intermediate object. And from tlioSe corners, the other description designates the same land.
JJardín and llaggin for appellant, Bibb for appellee.
a claim fia-erediiswuich. hud been submitted to it jury & ⅛⅛'.. lowed, forms 110 T.fyn Fr wdbence: — Ante, kdi.h vs.^Humpin’s I’io. ’ ~ ° U
A fact ad-rí¡Ue<1 a sb ’J*ewnby ⅛ defendant.
With respect to the objection for want of the relinquish* ment of dower. It appears that the relinquishment there* of, has been executed since the commencement of this suit: So that the objection jvas thereby removed. And, as re* gards the cost, provided the objection were tenable, the complainant is not justly entitled; inasmuch as he seems to have accepted the deed, without objecting that the right of dower had not been relinquished. He ought, at least, to have waited the refusal of the vendor to procure the relinquishment thereafter.
III. The next ground alledged, is the sale of a part of the land Under an execution. The loss of any part of the land is not shown. A sale and conveyance thereof, is not manifested by either judgment or execution. The deed exhibited for that purpose, we apprehend, is insufficient to endanger the legal right, as it existed independent thereof.
IT. And in relation to the credits alledged, we can perceive no good cause for an application to a court of chan-eery. The credits seem to have been a subject of enquiry before tlie jury. By their verdict, various credits were found: And a motion for a neiv trial made, assigning as one of the causes, that this sum waá not found and for which no credit Was' given. But, .independent of these circumstances, we are strongly inclined to believe, from jjle evidence of the case, that the sum thus claimed is a Pa|t °f a larger sum, subsequently credited on the bqnd the
It may be proper to notice, as was contended in argu-menL I-Hat there is no deed exhibited to John Jones for the trac* ' land in question; and, without title, we should Lave no hesitation in giving the relief sought. But, the complainant himself, charges in his bill that thé land had been conveyed to John Jones; and by him, sold and conveyed to the complainant. This allegation rendered unnecessary tlie production of that deed: The fact of John Jones having been vested with the right by deed, duly executed, does not seem to have been questioned:And we, therefore, suppose, cannot be properly urged against him.
The decree must be affirmed, with cost, and damages on the damages of the decree below.