## UNITED STATES v. YELLOW CAB CO.

### No. 5966.

Circuit Court of Appeals, Seventh Circuit.

June 30, 1937.

Robert H. Jackson, Asst. Atty. Gen., J. Louis Monarch and Alexander Tucker, Sp. Assts. to the Atty. Gen., Office of the Atty. Gen., Department of Justice, and Michael L. Igoe, U. S. Atty., of Chicago, Ill., for the United States.

A. J. Pflaum, H. N. Wyatt, and W. R. Arrington, all of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment of the District Court based upon a claim for the refund of income taxes and interest amounting to $8,104.19 for the year 1924. The facts were stipulated and, so far as here material, are as follows: The Commissioner of Internal Revenue, in conformity with a consent agreement, signed and filed with the Commissioner by appellee, sent to appellee a letter proposing an additional assessment of $5,927.85 for an alleged deficiency for the year in question. On February 27, 1930, a petition was filed by appellee with the United States Board of Tax Appeals for a redetermination of the alleged deficiency. Other matters were contained in this petition which, on motion of the Commissioner, was on June 19, 1930, so far as it pertained to the tax in question, dismissed by the Board and a deficiency of the amount and for the year in question determined. This order did not become final until February 17, 1931. In the meantime, and with notice of the proceeding pending before the Board of Tax Appeals, the Commissioner made an assessment against the appellee of the claimed deficiency with interest thereon. Demand for payment was made on appellee March 29, 1930, and a second demand on October 27, 1930, threatening distraints against appellee's property in the event payment was not made by October 27, 1930. Under protest in writing the involved tax was paid. Appropriate claim for refund was made, rejected by the Commissioner, and the instant proceedings instituted in the District Court.

Two questions are presented: First, Did the District Court have jurisdiction to entertain a suit for such refund? and, second, Is the taxpayer entitled to a refund of the tax and interest paid under protest where the same has been assessed and collected by the Commissioner of Internal Revenue pending a proceeding before the Board of Tax Appeals concerning such tax?

Appellant on the jurisdictional question relies upon section 284 (d) of the Revenue Act of 1926 (44 Stat. 66), which in substance provides that where the taxpayer files a petition with the Board of Tax Appeals no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court. Section 1003 (a) 26 U.S.C.A. § 641 (a) and note confers upon the Circuit Courts of Appeal exclusive jurisdiction to review the decisions of the Board and with certain exceptions makes the decisions of such court

final. It is urged that, appellee having filed its petition for review before the Board of Tax Appeals and not having availed itself of the right to petition the Circuit Court of Appeals for a review, the decision of the Board became final. Cases are cited which undoubtedly sustain the position that it was the intention of Congress to make decisions of the Board of Tax Appeals conclusive both as to the government and the taxpayer, unless, of course, a review is sought in the manner provided for by statute—that is, by way of review of such decision by a Circuit Court of Appeals.

The authorities relied upon, however, have little, if any, bearing upon the question here presented for the reason that the assessment and collection was not made upon the finding of the Board, but was made by the Commissioner while proceedings were pending before the Board and almost a year prior to the time its order became final. The assessment and collection was made notwithstanding the express prohibition contained in section 274 (a) of the Revenue Act of 1926, 44 Stat. 55 which, so far as here applicable, provides: "No assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted * * * if a petition has been filed with the Board, until the decision of the Board has become final. [Certain exceptions referred to in the same paragraph of the act are not here applicable.]"

To sustain appellant's position is to ignore this plain and positive inhibition and would give the Commissioner an arbitrary power which it was not intended he should have. If the Commissioner can make an assessment and collection of taxes while a petition for review is pending before the Board of Tax Appeals it would seem reasonable to conclude he could likewise make such assessment and collection where the matter was pending before the Court of Appeals or even the Supreme Court. Such, in our judgment, is not the law.

Bowers v. New York & Albany Lighterage Company, 273 U.S. 346, 47 S.Ct. 389, 71 L.Ed. 676, is a case which, while not dealing with the precise question here involved, is somewhat persuasive. There the court held invalid the collection of a tax which was barred by a limitation statute. The court said on page 351 of 273 U. S., 47 S.Ct. 389, 390, 71 L.Ed. 676: "A

reasonable view of the matter is that it was the intention of Congress by the clause here in question to protect taxpayers against any proceeding whatsoever for the collection of tax claims not made and pressed within five years."

We see no difference in principle whether the statute prohibiting the assessment and collection of a tax is a limitation statute or one evidently designed to protect the taxpayer until he has had the opportunity to litigate his dispute with the government in the form and manner prescribed. Appellant cites authorities holding that irregularities in the collection of a tax are not sufficient to entitle the taxpayer to a refund. These cases are clearly distinguishable for the reason that the question with which we are confronted is not a mere irregularity but an assessment which was made contrary to the statute and was therefore illegal.

It is also contended by appellant that appellee is estopped to question the legality of the assessment, and the argument in support of this position is based upon section 272 (a) of the Revenue Act of 1928, 26 U.S.C.A. § 272 (a) and note which provides in part as follows: "Notwithstanding the provisions of section 3224 of the Revised Statutes [section 1543 of this title] the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

In other words, it is urged that by reason of this provision the taxpayer should have resorted to injunctive relief rather than a suit for refund. This provision is first found in the Revenue Act of 1926 (§ 274 (a) and prior to that time there was an express prohibition in the act against restraining the assessment or collection of any tax. It seems to us a reasonable interpretation of this provision that it merely confers upon the taxpayer an additional remedy and that it was not intended that this should be a remedy exclusive of those otherwise provided. In our opinion it did not repeal or change the existing law authorizing a suit for refund. The majority of the court are of the opinion, therefore, that the District Court had jurisdiction and that the Commissioner of Internal Revenue was without authority to make the assessment and collection in question.

The judgment is affirmed.