### UNITED STATES of America, Plaintiff,

v.

### J. F. WALKER, Sr., and W. J. Little, Executors of the Estate of J. W. Gibbs, Sr., J. Wallace Gibbs, Jr., Braxton C. Wallace and W. J. Little, as Transferees of the Assets of the Estate of J. W. Gibbs, Sr., Defendants.

### Civ. A. No. 2025.

United States District Court
W. D. South Carolina,
Spartanburg Division.

June 3, 1963.

John C. Williams, U. S. Atty., Charles Porter, Asst. U. S. Atty., Greenville, S. C., for plaintiff.

Wesley M. Walker, Leatherwood, Walker, Todd & Mann, Greenville, S. C., Bruce W. White, Union, S. C., for J. F. Walker, Sr., and W. J. Little, as Executors of the Estate of J. W. Gibbs, Sr., and W. J. Little as Transferee of the Assets of the Estate of J. W. Gibbs, Sr.

WYCHE, District Judge.

The above case is before me upon motion of the defendants J. F. Walker, Sr. and W. J. Little, Executors of the Estate of J. W. Gibbs, Sr., and W. J. Little, as Transferee of the Assets of the Estate of J. W. Gibbs, Sr., for summary judg-

ment upon the grounds stated in the notice of motion. The primary grounds for the motion are that the assessments of income taxes on the basis of which this proceeding is brought were null, void and of no force and effect, the assessments having been made during the period in which the making of assessments is expressly prohibited by statute and, therefore, were premature.

This is a proceeding in court to collect the tax. Section 276(c) of the Internal Revenue Code of 1939 (Section 6502(a)(1) of the Internal Revenue Code of 1954) provides that the "tax may be collected * * * by a proceeding in court * * * only if begun * * * within six years after the assessment of the tax, * * * ". United States v. Motsinger, (CA 4) 123 F.2d 585 (1941).

At the hearing of the motion it was conceded on the record by counsel for the plaintiff that for purposes of this motion, there is no dispute as to the facts, and, therefore, the only question to be decided by me is one of law.

It further appears without dispute by counsel for the plaintiff that if the assessments of May 6, 1954, upon which this suit is based, were invalid, the motion for summary judgment must be granted for the reason that the time within which valid assessments of income taxes of J. W. Gibbs, Sr., deceased, for the years involved in this proceeding, i. e., 1945, 1946, 1947, and 1948, could have been made, has long ago expired. Valid assessments of income taxes upon which a suit for collection can be brought within the provisions of Section 276(c) of the Internal Revenue Code of 1939 (Section 6502(a)(1) of the Internal Revenue Code of 1954) cannot now or later be made. In their motion the defendants set forth the period of time during which valid assessments could have been made under statute and the expiration date of such period, taking each year separately. This analysis for each year as set forth in defendants' motion and the conclusions drawn thereon are correct and it is not necessary to deal further in this opinion with that portion of the motion for summary judgment as the same have not been controverted by the plaintiff.

■ The Commissioner is required to assess the tax (income, estate, gift, etc.) rather than assess the taxpayer. Anderson v. United States, (Ct.Cl.1936) 15 F.Supp. 216, 83 Ct.Cl. 475. That the assessment referred to is an assessment of the tax (income, estate or gift) and not against the Executors is also made clear in United States v. First Huntington National Bank, (D.C.W.Va.) 34 F.Supp. 578 (1940), aff'd (CA 4) 117 F.2d 376 (1951). In this case the District Judge said, "It is agreed that a valid assessment of the tax is a necessary condition to the maintenance of this action."

■ The critical point in defendants' motion for summary judgment lies under Section 272(a)(1) of the Internal Revenue Code of 1939 (Section 6213(a) of the Internal Revenue Code of 1954) which provides: " * * * No assessment of a deficiency in respect of the tax imposed by this chapter (income tax) * * * shall be made * * * until the decision of the Board (Tax Court) has become final." Simply stated, the Commissioner cannot make an assessment during the period when he is expressly prohibited by law from doing so and an assessment so made during the appeal or prohibitive period would be invalid.

The Docket Entries of the Tax Court of the United States, shown by certified copy attached to defendants' motion, are as follows: " * * * DOCKET ENTRIES * * * 1954 Jan. 6 Findings of fact and opinion rendered. Tietjens, J. Decision will be entered for the res. Copy served. Jan. 6 Decision entered, Tietjens, J. Div. 1 Mar. 16 Motion for leave to file motion to amend decision. Motion to amend decision lodged. Filed by G. C. Mar. 17 Motion for leave to file motion to amend decision. Granted. Motion to amend decision filed and granted. Mar. 17 Order amending decision entered. Tietjens, J. Div. 1."

Paragraph IX of the Amended Complaint alleges: "On the respective dates of January 6, 1954 and March 7, 1954 the Tax Court of the United States entered its opinion and decision in 'Estate of J. W. Gibbs, Sr., Deceased, J. F. Walker and W. J. Little, Executors, 21 T.C. 433',".

And, Paragraph X of the Amended Complaint alleges: "Pursuant to the aforementioned decision of the Tax Court, on May 6, 1954 the Commissioner of Internal Revenue made the following assessments for income taxes, penalties and interest against the estate of J. W. Gibbs, Sr."

██ Whether the date of the decision is March 7, 1954, as alleged in the Amended Complaint, or March 17, 1954, as shown by the Docket Entries of the Tax Court is not significant since the assessments were made on May 6, 1954, within the appeal or prohibitive period from either date. It must be assumed that the date of March 17, 1954, as shown on the Docket Entries of the Tax Court of the United States is correct.

█ Plaintiff contends that the appeal period would begin to run from the time of entering the original decision of the Tax Court on January 6, 1954, ignoring its motion to amend the decision, the granting of this motion and the subsequent order amending the decision duly entered on March 17, 1954. Plaintiff's position is untenable and I find that the decision entered on March 17, 1954, started the running of the appeal period. It is pertinent that the decision entered on January 6, 1954, did not specify the "kind of liability" and was defective. It would be necessary for the Commissioner to know the kind of tax involved in order properly to assess the tax. The plaintiff thought the decision of January 6, 1954, to be defective or it would not have made the motion and taken affirmative steps to have the decision of the Tax Court revised and corrected by amendment.

█ A motion for amendment of a decision is ipso facto a motion for its revision. In Burnet v. Lexington Ice & Coal Co., (CA 4) 62 F.2d 906 (1933), the Court of Appeals for the Fourth Circuit suggested to the Tax Court that it adopt rules specifically dealing with motions to vacate, but evidently the suggestion has gone unheeded for over thirty years. In this case the Court also said, "Its filing (the motion) prevented the decision of the Board from becoming final until the motion to vacate was passed upon."

In Denholm & McKay Co. v. Commissioner of Int. Rev. (CA 1), 132 F.2d 243 (1942), the Court held: "If an order is entered modifying the decision, the period allowed for review begins to run from the date of such modification. If the decision is vacated, and subsequently a new decision is entered, the new decision of course will not become final, at the earliest, until the lapse of three months from the date of its entry." See, also Simon v. Commissioner of Internal Revenue (CA 2) 176 F.2d 230 (1949); Sweet v. Commissioner of Internal Revenue (CA 1) 120 F.2d 77 (1941); Lasky v. Commissioner of Internal Revenue (CA 9) 235 F.2d 97 (1956).

Whether the decision entered on March 17, 1954, is characterized as an "amended decision" or as a "new decision" the three months appeal period started with it. The assessments, being made on May 6, 1954, were made during the three months appeal period (the prohibited period) and therefore were void. No other assessments have been made or can now be made. In United States v. O'Connor, (CA 2) 291 F.2d 520 (1961), the Court said: " * * * when the Government seeks the aid of the courts in enforcing the assessment in any form, it opens the assessment to judicial scrutiny in all respects. * * * "

Section 272(h) of the Internal Revenue Code of 1939 (Section 6214(c) of the Internal Revenue Code of 1954) provides that " * * * the date on which a decision of the Board (now Tax Court) becomes final shall be determined according to the provisions of Section 1140."

Section 1140(a) of the Internal Revenue Code of 1939 (Section 7481(1) of the Internal Revenue Code of 1954) provides that the decision of the Board (now Tax Court) shall become final "[u]pon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time."

As shown by the Docket Entries of the Tax Court, a petition for review was not filed. Under the provisions of Section 1142 of the Internal Revenue Code of 1939 (Section 7483 of the Internal Revenue Code of 1954) the petition for review must be filed "within 3 months after the decision is rendered". Three months after March 17, 1954, was June 17, 1954. The assessments herein having been made on May 6, 1954, were made during the three months appeal period and prior to its expiration and therefore the assessments were premature. Having been made in violation of the prohibition of the making of assessment contained in 272(a) (1) of the Internal Revenue Code of 1939, (Section 6213(a) of the Internal Revenue Code of 1954) the assessments of May 6, 1954, are null, void and of no force and effect. Ventura Consolidated Oil Fields v. Rogan, (CA 9) 86 F.2d 149 (1936); United States v. Yellow Cab Co., (CA 7) 90 F.2d 699 (1937); United States v. Barber, (U.S.D.C.Md.) 24 F.Supp. 229 (1938).

For the foregoing reasons it is my opinion that the grounds stated in part I of defendants' motion are substantial and that the summary judgment should be granted.

■ The defendants also based their motion on an additional ground which pertains only to the year 1945. In this respect it is asserted that this action is a suit to collect from these defendants an alleged debt of another, i. e., J. W. Gibbs, Sr. (who died on or about October 5, 1949). Taxes are debts within the meaning of Section 3466 of the Revised Statutes (31 U.S.C.A. § 191). Also, Sections 3466 and 3467 of the Revised Statutes (31 U.S.C.A. § 192) are in pari materia, and, therefore, a debt under Section 3466 is also a debt under Section 3467.

■ The defendants contend that if there is no debt for 1945, owing to the plaintiff by J. W. Gibbs, Sr., deceased, the plaintiff cannot recover such nonexistent debt from these defendants. In this respect it is to be remembered that counsel for plaintiff agreed upon the record that there is no dispute as to the facts in the case for the purposes of this motion for summary judgment.

The United States Supreme Court in Colony, Inc. v. Commissioner, (1958) 357 U.S. 28, 78 S.Ct. 1033, 2 L.Ed.2d 1119, referred to and overruled the decision of the Tax Court in Estate of Gibbs v. Commissioner, 21 T.C. 443, with respect to the amount claimed for the year 1945.

The defendants contend that this suit with respect to the year 1945 is being maintained in violation of and contrary to the regulations promulgated by the Commissioner of Internal Revenue, reference being made to Pages 929 through 933 of Cumulative Bulletin 1958-2, whereby the decision of the United States Supreme Court in Colony, Inc. v. Commissioner, supra, was published as a retroactive amendment to Regulations 111, Section 29.275.1, applying to income taxes for the years 1941, through 1951. However, regardless of whether this action with respect to the year 1945, is being maintained contrary to the aforesaid regulations, the construction by the Supreme Court of Section 275(c) as expressed in its decision in Colony, Inc., supra, conforms with the unambiguous language used by the Congress in Section 6501(e) (1) (A) of the Internal Revenue Code of 1954, which is the successor section to Section 275(c) of the Internal Revenue Code of 1939. Thus it would appear there is no debt respecting the year 1945, due from the decedent upon which a suit for collection from the personal estate of these defendants can be maintained. The plaintiff cannot contend that the Executors of the Estate of J. W. Gibbs, Sr. were negligent in failing to preserve assets to pay a tax claimed by the plaintiff against the decedent

which the United States Supreme Court has said the Government was not entitled to collect in the first instance.

In view of my findings under parts I and II of the defendants' motion, it is not necessary to consider part III of defendants' motion pertaining to the nonclaim statute of South Carolina.

Therefore, IT IS ORDERED, That the motion of the defendants J. F. Walker, Sr., and W. J. Little, Executors of the Estate of J. W. Gibbs, Sr., and W. J. Little, as Transferee of the Assets of the Estate of J. W. Gibbs, Sr., for summary judgment be and the same is hereby granted.