JENNIE ALLEN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 998–67.   Filed October 30, 1973.

---

*Charles J. Hlavinka,* for the petitioner.
*Tom G. Parrott,* for the respondent.

WILES, *Judge:* Respondent determined the following deficiencies in petitioner's income tax:

| Year | Deficiency |
| --- | --- |
| 1959 | $28, 964. 04[1] |
| 1960 | 41, 662. 86 |
| 1961 | 29, 509. 87 |
| 1962 | 1, 616. 51 |

The only issue for our decision is whether petitioner can be relieved of liability for the deficiencies as an "innocent spouse" pursuant to section 6013(e)[2] of the Internal Revenue Code of 1954. Petitioner does not contest the correctness of the deficiencies.

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

The petitioner is Jennie Allen, who resided in Mt. Pleasant, Tex., at the time of the filing of the petition herein. Petitioner and her former spouse, Lewis E. Allen (hereinafter referred to as Lewis), filed joint Federal income tax returns for the taxable years 1960, 1961, and 1962 with the district director of internal revenue at Albuquerque, N. Mex.

Petitioner and Lewis were married in November 1942. From that time through 1962 petitioner and Lewis were residents of the State of New Mexico.

During the years in issue, Lewis, was engaged in the government grain storage business in Lubbock, Tex. This business was conducted through two controlled corporations, Allen Cartage Co., Inc., and Allen Grain Co., Inc. Lewis was also engaged in other business activities during the years in issue.

On the joint United States income tax returns filed by petitioner and Lewis for the taxable years 1960 to 1962, inclusive, the following amounts of gross income were reported:

---

[1] The parties have stipulated that the deficiency in income tax for the year 1959 is barred by the statute of limitations.

[2] All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise indicated.

|  | 1960 | 1961 | 1962 |
|---|---|---|---|
| Miscellaneous sales | $3,284.06 | | |
| Rents collected | 8,126.00 | $8,138.50 | $7,615.00 |
| Storage receipts | 134,073.77 | | |
| Crop rents | 1,498.70 | 1,988.64 | 4,606.27 |
| Sales—builders supply | 75,339.27 | 37,397.60 | 5,603.62 |
| Sales—laundry lounge | 13,413.20 | 7,770.36 | |
| Interest | | 4,200.00 | 577.44 |
| Salary | | 20,000.00 | 20,000.00 |
| Bonus | | 18,241.93 | |
| Long-term capital gain | | 15,641.20 | 902.75 |
| Total | 235,735.00 | 113,378.23 | 39,305.08 |

The petitioner did not take part in the preparation of these joint returns. They were prepared by a public accountant and signed by the petitioner at the instruction of her husband.

The following amounts of gross income were omitted from the joint United States income tax returns filed by petitioner and Lewis for the taxable years 1960 to 1962, inclusive:

|  | 1960 | 1961 | 1962 |
|---|---|---|---|
| Rent income—Allen Cartage Co., Inc | $59,010.37 | $100,225.59 | $90,114.86 |
| Distributions—Allen Grain Co., Inc | 74,719.46 | 100,657.07 | 46,523.84 |
| Gain on transfer of assets to Allen Grain Co., Inc | 38,278.90 | | |
| Interest | 1,483.16 | 144.36 | |
| Storage receipts | (66,814.69) | | |
| Oil income | | 1,523.83 | |
| Salary | | (20,000.00) | |
| Total | 106,667.20 | 182,550.85 | 136,638.70 |

The following amounts of omitted gross income constitute gross income from community property acquired during the marriage of petitioner to Lewis:

|  | 1960 | 1961 | 1962 |
|---|---|---|---|
| Rent income—Allen Cartage Co., Inc | $59,010.37 | $100,225.59 | $90,114.86 |
| Distributions—Allen Grain Co., Inc | 74,719.46 | 100,657.07 | 46,523.84 |
| Gain on transfer of assets to Allen Grain Co., Inc | 38,278.90 | | |
| Total | 172,008.73 | 200,882.66 | 136,638.70 |

During the years 1960 to 1962, both petitioner and Lewis drove a Cadillac. During the period from 1960 to 1962, petitioner and Lewis built a new two-story colonial home.

On January 10, 1966, petitioner and Lewis were divorced. In the property settlement incident to the divorce, petitioner received the following property: all household furniture and fixtures owned by petitioner and her spouse; a coin-operated laundry; five horses, including one registered thoroughbred and one registered quarter horse; one horse trailer; one 1960 Cadillac automobile; one 1964 Chevrolet automobile; one 1958 pickup truck; a promissory note with a balance

due of $2,125.19; 1,576 shares of stock in National American Life Insurance Co.; the residence occupied by petitioner and her spouse; and various other parcels of encumbered real estate.

Following the settlement, petitioner was informed by the president of the bank in Roswell, N.Mex., that much of the real property received in the settlement was encumbered by mortgages. In settlement of these liabilities, petitioner conveyed to the bank all the real estate described in the divorce decree other than the house.

The house petitioner received in the property settlement was encumbered by a mortgage in the principal amount of $30,000. On January 28, 1966, petitioner sold the house for $90,000. In payment for the house, petitioner received $27,000 in cash, the balance to be paid in installments of $4,000 per year. Petitioner used about $10,000 of the cash received to pay debts previously incurred by Lewis. The remainder of the cash was used to pay debts relating to medical bills and college expenses of petitioner's sons.

From 1960 until the divorce became final, Lewis spent very little time in Roswell with petitioner and their children. During this period, petitioner provided for the support of herself and her children. Under the terms of the divorce decree, Lewis was required to make payments of $150 per month to petitioner for the support of their two children. Lewis failed, however, to make these payments.

OPINION

Section 6013(e)[3] provides that in certain circumstances, a spouse who has filed a joint return will be relieved of liability for tax to the extent that such liability is attributable to omissions from gross income of amounts attributable to the other spouse. The "innocent

---

[3] SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE.

(e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.—

(1) IN GENERAL.—Under regulations prescribed by the Secretary or his delegate, if—

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.

(2) SPECIAL RULES.—For purposes of paragraph (1)—

(A) the determination of the spouse to whom items of gross income (other than gross income from property) are attributable shall be made without regard to community property laws, and

(B) the amount omitted from gross income shall be determined in the manner provided by section 6501(e)(1)(A).

spouse" must comply with all three requirements in order to gain the relief afforded by the statute. *Raymond H. Adams*, 60 T.C. 300 (1973); *Jerome J. Sonnenborn*, 57 T.C. 373 (1971); *Nathaniel M. Stone*, 56 T.C. 213, 227 (1971). The respondent concedes that the petitioner meets the requirements of paragraph (e)(1)(B) for all 3 years in issue. With regard to the year 1960, respondent contends that petitioner has failed to meet the requirements of paragraphs (e)(1)(A) and (e)(1)(C) of section 6013. Although conceding that petitioner also meets the requirement of paragraph (e)(1)(A) for the years 1961 and 1962, respondent contends that petitioner has failed to meet the requirement of paragraph (e)(1)(C) for those years.

The first requirement of section 6013(e) is that the amount of omitted gross income that is attributable to one spouse must be in excess of 25 percent of the amount of gross income stated in the return. Section 6013(e)(2) provides that the determination of the spouse to whom items of gross income are attributable shall be made without reference to community property laws except that in the case of gross income from property, the determination is made with regard to community property laws. New Mexico is a community property State which follows the general rule that all real and personal property acquired after marriage by either spouse other than by gift, descent, or devise is community property. N.M. Stat. Ann. sec. 57-4-1 (1953); *Burlingham* v. *Burlingham*, 72 N.M. 433, 384 P. 2d 699 (1963). Respondent contends that petitioner has failed to meet the first requirement of section 6013(e) for the year 1960.

For purposes of section 6013(e)(1)(A), respondent has computed the omissions attributable to Lewis for the year 1960 as follows:

| | |
|---|---:|
| Interest | $1,483.16 |
| Storage Receipts | (66,814.69) |
| One-half of income from community property ($\frac{1}{2} \times \$172,008.73$) | 86,004.37 |
| | 20,672.84 |

The respondent contends that this total amount of $20,672.84 is less than 25 percent of the gross income stated in the 1960 joint return and that petitioner, therefore, has failed to meet the requirements of section 6013(e)(1)(A). The respondent has arrived at this conclusion by taking the figure of $235,735, the amount of gross income reported on the 1960 joint return, and multiplying it by 25 percent to arrive at a figure of $58,933.75, which is greater than $20,672.84, the total amount of omissions allegedly attributable to Lewis for the year 1960.

Petitioner argues that the distributions from Allen Grain Co., Inc., the rent income from Allen Cartage Co., Inc., and the gain on the transfer of assets to Allen Grain Co., Inc., should not be classified as

gross income from community property because they consist of items of income from property with respect to which Lewis rendered substantial services. The effect of this position would be to add the total of these amounts to omissions attributable to Lewis rather than only one-half of such amounts. In support of this position, petitioner cites a statement in the legislative history that "income from property, such as rental income from an apartment house owned by the marital community (with neither spouse rendering substantial services in producing the rental income) is to be deemed the income of both spouses." H. Rept. No. 1734, 91st Cong., 2d Sess., p. 4 (1970).

Although we agree that these items of omitted income would not be deemed the income of both spouses if they resulted from the performance of substantial services by Lewis, we conclude that petitioner has not sustained her burden of proof in this regard. The petitioner has failed to produce any evidence showing that Lewis rendered substantial services with regard to any of these items of income and we, therefore, must conclude that such income was produced by property that did not require the performance of substantial services. *Welch* v. *Helvering*, 290 U.S. 111 (1933). Accordingly, we agree with respondent's determination that the omissions relating to 1960 are less than 25 percent of gross income stated on the return and that the relief afforded by section 6013(e) is not available for that year.

With regard to all 3 years in issue, respondent contends that petitioner has not satisfied the condition of section 6013(e)(1)(C) because petitioner significantly benefited from the items omitted from gross income and, taking into account all the facts and circumstances, it is not inequitable to hold the petitioner liable. This provision of the statute requires a determination that is subjective and essentially factual. The House report provides some guidance to help us make the determination:

It is not intended that the term "benefit" as used here include ordinary support of the innocent spouse. Unusual support or transfers of property to the spouse would, however, constitute "benefit" and should be taken into consideration in determining whether the spouse benefited from the items omitted from gross income. Such "benefit" may be received by the spouse several years after the year in which the omitted item should have been included in gross income. * * * A mere finding that the spouse "benefited" from the items omitted from gross income will not be sufficient however, to prevent that spouse from obtaining relief from liability for the tax. For the spouse to be prevented from obtaining relief there must also be a finding that the benefit was "significant" and that "taking into account all other facts and circumstances," it is not "inequitable to hold the * * * spouse liable for the deficiency in tax * * * "

Other factors which could also be taken into account, in appropriate situations, in determining whether it is inequitable to hold the spouse liable for the deficiency include the fact of whether the spouse in question is deserted or is divorced or separated. [H. Rept. No. 1734, 91st Cong., 2d Sess., pp. 3–4 (1970).]

Thus, in order for us to conclude that the petitioner benefited significantly, we must find that petitioner received some benefit in addition to ordinary support. The evidence shows that during the tax years in issue and until she received a divorce from Lewis, petitioner did not receive even ordinary support from her former spouse. In fact, she was forced to provide for her own support and that of her children. After the divorce, Lewis was required under the terms of the divorce decree to make support payments of $150 per month. He has failed, however, to make support payments. Thus, during the time period since the divorce, petitioner has not received even ordinary support from her former spouse.

The House report also states that an unusual transfer of property to the spouse constitutes a benefit. Respondent relies upon this language to argue that the transfer of property to petitioner pursuant to the divorce decree constitutes a significant benefit. We do not believe that Congress meant by this statement to classify as unusual a transfer such as occurred in the present case. The House report states that a relevant factor in determining whether it would be inequitable to hold the innocent spouse liable for the deficiency is whether the innocent spouse is deserted, divorced, or separated. Thus, the petitioner's divorce from her husband and his refusal to make support payments are factors that weigh in favor of not holding petitioner liable for the deficiency. We do not believe that the transfer of property pursuant to the divorce decree was of so great a value as to outweigh the factors of divorce and refusal to make support payments. After taking into account all of the liabilities to which the various properties transferred to petitioner were subject, the items of property received by her were as follows: a house subject to a mortgage and a lien, furniture, a used Cadillac automobile, five horses, a promissory note for approximately $2,000, and shares of stock in a life insurance company. Considering that petitioner and Lewis had been accumulating an estate during 24 years of marriage, we do not believe that the value of the property transferred to petitioner was so large as to be considered unusual. Accordingly, we conclude that a significant benefit was not conferred on petitioner as a result of the omissions of gross income by her spouse, and that petitioner, therefore, meets the requirement of section 6013(e)(1)(C).

Thus, petitioner meets the requirements of section 6013(e) for the years 1961 and 1962 and is entitled to the relief from liability provided thereunder. Our task is not complete, however, since we must now decide the extent to which section 6013(e) relieves the petitioner from liability for the deficiencies determined by the respondent. Section 6013 (e) provides that the "innocent spouse" shall be relieved of liability to

the extent that such liability results from omissions from gross income that are attributable to the other spouse.

The respondent contends that petitioner is not entitled to relief from liability for those portions of the deficiencies that are attributable to omissions from gross income earned from her share of community property. One-half of all gross income from community property that belonged to petitioner and her former husband is attributable to petitioner. Omissions of these amounts from reported gross income do not relate to gross income attributable to the noninnocent spouse. Thus, section 6013(e) does not provide relief from liability for that portion of the deficiency that relates to petitioner's one-half interest in gross income from community property.

Respondent also contends that petitioner is not entitled to relief from liability for those portions of the deficiencies that are attributable to disallowed deductions. Section 6013(e) expressly provides that the relief afforded by it is limited to such liability as is attributable to omissions from gross income. Accordingly, petitioner is not entitled to relief from liability for those portions of the deficiency resulting from an erroneous deduction claimed on the return. Petitioner contends that deductions that were disallowed pursuant to section 482 should be categorized as omissions from gross income because they were tantamount to the reallocation to the petitioner and her former spouse of gross income derived from the grain business operated by petitioner's former spouse. We do not accept petitioner's contention. Section 482 gives the Commissioner the power to distribute, apportion, or allocate deductions in order to determine the true taxable income from the business of a controlled taxpayer. The Commissioner used this power to allocate deductions in the instant case. The petitioner does not dispute the correctness of the determinations upon which the deficiency letter is based and is, therefore, bound by respondent's determination that certain adjustments result from the disallowance of certain deductions. Thus, the petitioner is precluded from arguing that these items actually should be classified as real locations of gross income. In conclusion, we hold that petitioner is entitled to relief from liability, pursuant to section 6013(e), for the years 1961 and 1962 but that such relief is not available with regard to disallowed deductions or the petitioner's share of income from community property.

*Decision will be entered under Rule 50.*