JENNIE ALLEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen v. Commissioner
Docket No. 998-67.
United States Tax Court
T.C. Memo 1976-358; 1976 Tax Ct. Memo LEXIS 42; 35 T.C.M. (CCH) 1626; T.C.M. (RIA) 760358; November 29, 1976, Filed *42 This case, originally decided in 61 T.C. 125 (1973), is before the Court on remand from the U.S. Court of Appeals for the Fifth Circuit, 514 F. 2d 908 (1975). The case involves section 6013(e), I.R.C. 1954, known as the "innocent spouse" statute. Section 6013(e), I.R.C. 1954, provides that in certain circumstances, a spouse who has filed a joint return will be relieved of liability for tax to the extent that such liability is attributable to omissions from gross income of amounts attributable to the other spouse. For the particular year involved in this supplemental opinion, 1961, we held that petitioner was entitled to relief under section 6013(e), I.R.C. 1954. The Court of Appeals has remanded the case so that we may find whether certain non-community property income is attributable to petitioner or her spouse. Held, interest income realized from a chattel mortgage held upon the sale of a coin-operated laundry and income realized from a certain mineral lease are attributable to petitioner's spouse. Charles J. Hlavinka, for the petitioner. Robert M. Smith, for the respondent. WILES
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: The U.S. Court of Appeals for the Fifth Circuit remanded this case for us to determine whether certain income is attributable to petitioner or her spouse for purposes of applying the "innocent spouse" statute, section 6013(e). [1]
FINDINGS OF FACT Some of the supplemental facts have been stipulated, and those facts are so found. Interest *44 income of $144.36 was realized during 1961 from a chattel mortgage held upon the sale of a coin-operated laundry. In a declaration of trust, filed for record in Chaves County, New Mexico in 1960, Lewis E. Allen, petitioner's spouse, was listed as owning 6/16ths of a mineral lease which generated $1,523.83 in income in 1961. The remaining 10/16ths of the mineral lease was owned by parties other than petitioner. ULTIMATE FINDING OF FACT Interest income of $144.36, realized from a chattel mortgage held upon the sale of a coin-operated laundry, and income of $1,523.83, realized from a mineral lease, are attributable to petitioner's spouse. OPINION This case involves section 6013(e), [2] known as the "innocent spouse" statute. Section 6013(e) provides that in certain circumstances, a spouse who has filed a joint return will be relieved of liability for tax to the extent that such liability is attributable to omissions from gross income of amounts attributable to the other spouse. In our original opinion, we applied section 6013(e) to three tax years to determine whether petitioner was entitled to relief as an "innocent spouse." In this supplemental opinion, we focus on only *45 one of those years, 1961. In our original opinion, we held that for 1961 petitioner was relieved from liability for tax to the extent such liability related to omissions from gross income attributable to petitioner's spouse. The U.S. Court of Appeals for the Fifth Circuit has remanded the case so that we may make explicit findings of fact as to whether two items of income, omitted from the joint return filed by petitioner and her spouse for 1961, are attributable to petitioner or her spouse. These two items of income are interest of $144.36 realized from a chattel mortgage held upon the sale of a coin-operated laundry and income of $1,523.83 realized from a mineral lease. *46 During 1961, petitioner and her spouse lived in New Mexico, a community property state. Section 6013(e)(2) provides that the determination of the spouse to whom items of gross income are attributable shall be made without reference to community property laws except that in the case of gross income from property, the determination is made with regard to community property laws. In short, section 6013(e)(2) means that one-half of all gross income from the community property that belonged to petitioner and her husband is automatically attributable to petitioner, and therefore, section 6013(e) does not provide relief from liability. Respondent argues that we should determine that the two items described above were generated by community property. This would mean, of course, that one-half of the amount of each of those items would be attributed to petitioner, and the innocent spouse provision, section 6013(e), would not apply. Respondent's argument comes much too late. It appears for the first time in the brief he submitted after the case was remanded by the Court of Appeals. In his original brief, submitted before we filed our original opinion, he at no time requested in his *47 proposed findings of fact that we find the two items to be income generated by community property. Respondent requested that we find other items, omitted from gross income for 1961, to be income generated by community property and we, in fact, so found. By implication, the remaining two items omitted from gross income, those now involved in this supplemental opinion, were generated by non-community property. In any event, the Court of Appeals, upon remand, specifically refers to these two items as non-community property. The task the Court of Appeals has given us is to decide whether the two items are to be attributed to petitioner or her spouse. The answer depends upon which of them owned the non-community property that generated the income. The first item to be attributed is interest of $144.36, realized in 1961 from a chattel mortgage held upon the sale of a coin-operated laundry. Respondent included the interest income in his computations of omissions attributable to petitioner's spouse for 1960. See 61 T.C. 129 (1973). There is no basis in the record for concluding that the interest income for 1961, the year in issue, should be treated any differently *48 than the interest income for 1960. Therefore, we hold that the interest income for 1961 is attributable to petitioner's spouse. Petitioner is relieved of tax liability for this item. The second item to be attributed is income of $1,523.83 realized from a mineral lease. In a declaration of trust, filed for record in Chaves County, New Mexico in 1960, Lewis E. Allen, petitioner's spouse, was listed as owning 6/16ths of the mineral lease which generated the income involved herein. The remaining 10/16ths of the mineral lease was owned by parties other than petitioner. Based upon this evidence, we conclude that the income of $1,523.83 realized from the mineral lease should be attributed to petitioner's spouse. Therefore petitioner is relieved of tax liability for this item. Decision will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954.↩
2. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. * * *
(e) Spouse Relieved of Liability in Certain Cases.-- (1) In General.--Under regulations prescribed by the Secretary or his delegate, if-- (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return, (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and (C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income. (2) Special rules.--For purposes of paragraph (1)-- (A) the determination of the spouse to whom items of gross income (other than gross income from property) are attributable shall be made without regard to community property laws, and (B) the amount omitted from gross income shall be determined in the manner provided by section 6501 (e) (1) (A).↩