MARY FRANCES STROMAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9649-76.     Filed August 31, 1981.

*James R. Craig* and *Christopher M. Weil,* for the petitioner.
*Charles L. McReynolds,* for the respondent.

OPINION

SIMPSON, *Judge*: The Commissioner determined the following deficiencies in the petitioner's Federal income taxes:

| Year | Deficiency |
| --- | --- |
| 1968 | $4,775.00 |
| 1969 | 2,647.17 |
| 1970 | 800.75 |

The only issues to be decided are: (1) Whether the statute of limitations on assessment of the deficiencies in this case was tolled in 1973 when the Commissioner made an assessment of the deficiencies prior to mailing a notice of deficiency to the petitioner; and (2) if the statute of limitations was tolled, whether the petitioner is relieved of liability for the deficiency for 1969 as an innocent spouse under section 6013(e) I.R.C. 1954.[1]

---

[1]All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.

All the facts have been stipulated, and those facts are so found.

The petitioner, Mary Frances Stroman, resided in Dallas, Tex., when the petition in this case was filed. During 1968, 1969, and 1970, she was married to Richard H. Stroman, and with Mr. Stroman, she filed joint Federal income tax returns for such years with the Internal Revenue Service.

The tax return of the petitioner and Mr. Stroman for 1968 was filed on or before April 15, 1969. Their tax return for 1969 was filed on June 12, 1970, and their return for 1970 was filed on May 24, 1971. From 1971 through 1973, the petitioner and Mr. Stroman executed several consents extending the period for assessing Federal income taxes for 1968 and 1969. The last such consent extended the period for assessing taxes for such years through December 31, 1973.

On November 13, 1973, a Form 870-AD was executed by Mr. Stroman and by an attorney on behalf of Mrs. Stroman covering the taxable years 1968, 1969, and 1970. Such form stated, in part, that "the undersigned offers to waive the restrictions provided in section 6213(a) * * * and to consent to the assessment and collection" of deficiencies determined by the Commissioner. The following note was typed on the form: "Execution of this form by Mrs. Mary Frances Stroman is not intended by her to be a waiver of any rights under IRC Section 6013(e) or other provisions of law to contest collection against her as innocent spouse."

On December 10, 1973, the deficiencies determined by the Commissioner in the Form 870-AD were assessed against the petitioner and Mr. Stroman by the Internal Revenue Service Center at Austin, Tex. In 1975, the petitioner filed an action in the U.S. District Court for the Northern District of Texas seeking permanently to enjoin the IRS from foreclosing upon her homestead property to satisfy the deficiencies. In *Stroman v. McCanless*, 391 F. Supp. 1344 (N.D. Tex. 1975), the court granted the requested injunction. Essentially, the court found that the purpose of the note typed on the Form 870-AD was to ensure that if the asserted deficiencies were not paid by Mr. Stroman, Mrs. Stroman would have the usual opportunities to litigate, prior to paying the deficiencies, the question of whether she was an innocent spouse. The court stated:

The substance of what the Court holds today addresses the equities of this situation * * *

\* \* \* \* \* \* \*

The "condition" inserted by Mrs. Stroman in signing her Form 870-AD was obviously meant to mean something, and assuming the I.R.S. accepted it, an assumption fully supported by the evidence, then it must be enforced in the same manner as any other contract.

\* \* \* \* \* \* \*

In the instant case, neither side made a mistake and neither side was surprised by Mrs. Stroman's conditional statement on the Form 870-AD. If the plaintiff had not inserted this provision, then she would have waived all her rights to contest assessment and collection of the taxes that she and her husband both owed. * * * [391 F. Supp. at 1349–1350; fn. ref. omitted.]

The court concluded that the IRS was required to mail the petitioner a notice of deficiency prior to seeking to collect the deficiencies which it had determined.

On July 23, 1976, the notice of deficiency was sent to the petitioner, and within 90 days thereafter, the petitioner filed her petition in this Court. Subsequently, the Commissioner filed a motion to dismiss for lack of jurisdiction. In support of his motion, the Commissioner argued that the result in the District Court had no basis under the Code since in executing the Form 870-AD, the petitioner had legally waived her right to contest her tax liability prior to payment. In *Stroman v. Commissioner*, T.C. Memo. 1978–96, we denied the motion to dismiss on the ground that the decision of the District Court was res judicata on the issue of whether the petitioner was entitled to receive a notice of deficiency and bring an action in this Court.

On their tax return for 1969, the petitioner and Mr. Stroman erroneously reported as gross income a $10,000 loan. They reported total gross income of $81,176.99. In computing the deficiency for 1969, the Commissioner reduced gross income by the $10,000 loan but also determined that the petitioner and Mr. Stroman had failed to report income of $19,500 received by Mr. Stroman. There were no other adjustments to gross income by the Commissioner for 1969.

The first issue to be decided in this case is whether the assessment made by the IRS on December 10, 1973, was effective to toll the statute of limitations. The parties assume

that the period of limitations on assessments applicable to this case is the 3-year period of section 6501(a),[2] and it is undisputed that for 1968 and 1969, such period, as extended by the consents, expired on December 31, 1973, and that for 1970, such period expired on May 24, 1974. Thus, if the assessment on December 10, 1973, was not effective, then assessment and collection of the deficiencies in this case are now barred by the statute of limitations.

The burden in this case, for the Commissioner, is to explain why section 6213(a) did not invalidate the 1973 assessment. That section provides, in part:

no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, 44, or 45 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until * * * [a notice of deficiency] has been mailed to the taxpayer, nor until the expiration of * * * [the period for filing a petition with the Tax Court] * * * nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

The petitioner argues that a notice of deficiency was required to be sent to her, that the Commissioner was not permitted to assess the deficiencies prior to the mailing of the notice, and that, therefore, the 1973 assessment, made prior to the mailing of the notice of deficiency, was a nullity and was ineffective to toll the statute of limitations.

The Commissioner makes essentially two arguments to support the timeliness of the notice of deficiency in this case. First, he contends that as a matter of law, section 6213(a) does not invalidate an assessment made prior to the mailing of a notice of deficiency, that when such an assessment is made, the taxpayer's only remedy is to enjoin collection of the deficiency until the termination of a prepayment hearing and that since the assessment in this case was made before the

---

[2]The petitioner maintains that for 1969, there was an omission of more than 25 percent of the gross income stated on the return and that she qualifies as an innocent spouse within the meaning of sec. 6013(e), but the Commissioner has not argued that if there was such an omission of income, the 6-year period of limitations under sec. 6501(e) is applicable. Even if the 6-year period were applicable in this case, the notice of deficiency was untimely unless the period of limitations was tolled by the assessment on Dec. 10, 1973.

running of the statute of limitations, the notice of deficiency could be issued at any time prior to the expiration of the period for the collection of the taxes assessed. Second, the Commissioner argues that even if a premature assessment is usually invalid, under the circumstances of this case, the 1973 assessment should be considered valid and effective to toll the statute of limitations.

The courts have adopted somewhat different views regarding the effect of a premature assessment. In some cases, it has been held that such an assessment is invalid and does not toll the running of the statute of limitations. *United States v. Yellow Cab Co.*, 90 F.2d 699 (7th Cir. 1937); *Ventura Consolidated Oil Fields v. Rogan*, 86 F.2d 149 (9th Cir. 1936), cert. denied 300 U.S. 672 (1937); *United States v. Walker*, 217 F. Supp. 888 (W.D. S.C. 1963). In other cases, it has been held that a premature assessment is not void but merely gives rise to a right to have the collection of the deficiency enjoined. *Lyddon & Co. v. United States*, 141 Ct. Cl. 545, 158 F. Supp. 951 (1958), cert. denied 358 U.S. 832 (1958); *Lehigh Portland Cement Co. v. United States*, 90 Ct. Cl. 36, 30 F. Supp. 217 (1939); *United States v. Teti*, an unreported case (D. Conn. 1975, 36 AFTR 2d 75–5762, 75–2 USTC par. 9709). However, we need not reach that issue since the decision by the District Court has settled the issue in this case.

Here, the petitioner sought and secured an injunction against the collection of the deficiency. In granting the injunction, the court concluded that the Commissioner was required to send the petitioner a notice of deficiency prior to seeking to collect the deficiencies. That case was commenced and decided in 1975 by which time the statute of limitations would have already expired, if the 1973 assessment was wholly invalid. The District Court did not invalidate such assessment and must have assumed that it had tolled the running of the statute of limitations.

In *Stroman v. Commissioner, supra,* the Commissioner attacked the decision of the District Court, contending that that court had no authority to require the issuance of a notice of deficiency and that we lacked jurisdiction to review such notice. However, we rejected such attack and held that the District Court's decision was res judicata as to such matters. In our judgment, the District Court's decision also disposed of the

petitioner's present attack on the effect of the 1973 assessment. Accordingly, in the circumstances of this case, we hold that the statute of limitations had not run on the issuance of the notice of deficiency in 1976 in accordance with the decision of the District Court.

The only other issue to be decided is whether the petitioner qualifies as an innocent spouse for 1969 under section 6013(e)(1). Such section provides:

SEC. 6013(e). SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.—

(1) IN GENERAL.—Under regulations prescribed by the Secretary, if—

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of *gross income stated in the return*,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.

[Emphasis added.]

It is stipulated that the petitioner meets the conditions of section 6013(e)(1)(B) and (C); the only question is whether section 6013(e)(1)(A) is satisfied. The resolution of that question depends on the meaning of "gross income stated in the return." On their tax return for 1969, the petitioner and Mr. Stroman reported as gross income $81,176.99, which included a $10,000 loan not properly includable in gross income. In the notice of deficiency, the Commissioner determined that the petitioner and Mr. Stroman omitted from gross income $19,500 which was properly includable, and the petitioner has not challenged such determination. If "gross income stated in the return" is read to mean the amount actually written on the return as gross income, then such gross income was $81,176.99, and since $19,500 is less than 25 percent of such amount, the condition of subparagraph (A) would not be satisfied. On the other hand, the petitioner argues that "gross income stated in the return" means only those amounts which

do in fact constitute gross income and which are reported in the return. Under such definition, the petitioner's "gross income stated in the return" was $71,176.99, and since $19,500 exceeds 25 percent of such amount, the condition of subparagraph (A) would be satisfied.

The language of section 6013(e)(1)(A) is identical to language found in section 6501(e)(1)(A), which provides in part:

6501(e)(1)(A). GENERAL RULE.—If the taxpayer omits from gross income an amount properly includable therein which is in excess of 25 percent of the *amount of gross income stated in the return*, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. * * * [Emphasis added.]

The computation of the 25-percent omission for purposes of section 6013(e)(1)(A) is to be made in the same manner as under section 6501(e)(1)(A). Sec. 6013(e)(2)(B); S. Rept. 91–1537 (1970), 1971–1 C.B. 606. Therefore, in construing section 6013(e)(1)(A), we necessarily construe section 6501(e)(1)(A) at the same time.

There is no evidence that Congress considered the question now before us in enacting either provision. See S. Rept. 91–1537, *supra*; H. Rept. 704, 73d Cong., 2d Sess. (1934), 1939–1 C.B. (Part 2) 554, 580; S. Rept. 558, 73d Cong., 2d Sess. (1934), 1939–1 C.B. (Part 2) 586, 619. Section 6013(e) is a remedial provision enacted to benefit taxpayers, and for that reason, it is arguable that we should favor a construction which expands the class of taxpayers subject to such provision. However, if we do so, we will at the same time expand the scope of section 6501(e) and subject more taxpayers to the 6-year period of limitations. There may also be a tendency to adopt a liberal interpretation of section 6013(e)(1)(A) when a taxpayer comes close to meeting that requirement, but Congress adopted a test of 25 percent, not 15 percent, nor 20 percent, nor 24 percent.

This case is appealable to the Fifth Circuit, and that court has addressed the question which is before us. In *Allen v. Commissioner*, 514 F.2d 908 (1975), affg. and revg. 61 T.C. 125 (1973), the taxpayer and her former spouse reported as gross income $235,735 but a part of such amount, $66,814.69, was not properly includable in gross income. The taxpayer and her spouse omitted from gross income several items, including $87,487.53 which was attributable to the spouse. The issue

considered by the Court of Appeals in the *Allen* case was whether for purposes of section 6013(e)(1)(A), the amount "omitted from gross income" was $87,487.53 or whether the omission was such amount less the $66,814.69 erroneously reported as income. The $87,487.53 exceeded 25 percent of $235,735, but the lesser amount, $20,672.84, was less than such percentage. The Fifth Circuit held that section 6013(e)(1)(A) did not contemplate reducing omitted items of income by other amounts improperly included in income, and that, therefore, the omission for purposes of such section was $87,487.53.[3] 514 F.2d at 914–916.

In reaching its decision in *Allen*, the Fifth Circuit reasoned that it would be "incongruous and ironical" to conclude that the taxpayer was not an innocent spouse. The court explained that, essentially, the taxpayer's former spouse had made two mistakes: One mistake was omitting income of $87,487.53, and the court stated that if such mistake had been the only mistake, the taxpayer would clearly have been an innocent spouse. The other mistake was erroneously reporting as income $66,814.69, and the court reasoned that such mistake "should not be allowed to cancel out innocent spouse relief" and that, therefore, the $66,814.69 should not be subtracted from the amount omitted from gross income. 514 F.2d at 916.

In *Allen*, the Fifth Circuit recognized that its rationale might be applied to reduce the amount of gross income stated in the return within the meaning of section 6013(e)(1)(A), and in a footnote, it specifically foreclosed such extension of its rationale:

> We by no means intend to suggest that a gross income figure of $168,920.31 [gross income reported less amount improperly included] should be used in determining whether the 25-percent test is met here. Section 6013(e)(1)(A) clearly requires the amount of the omission, $87,487.53, to be in excess of "the amount of gross income stated in the return." The Allens stated in their return that their gross income was $235,735.00; hence, to qualify for section 6013(e) relief, the omission must be 25 percent of $235,735.00. [514 F.2d at 916 n. 8.]

---

[3]Because of that conclusion, the Fifth Circuit reversed the decision of the Tax Court. However, there is no evidence that the taxpayer argued before the Tax Court that the omitted income should not be reduced by the erroneously included income, and the Tax Court took no position explicitly on such issue. *Allen v. Commissioner*, 61 T.C. 125, 130 (1973).

It may be argued that the explanation by the Fifth Circuit was not necessary to its decision and was dicta and that under *Golsen v. Commissioner*, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we are not required to apply that statement in this case. However, although the statement was not strictly necessary, it was not merely surplusage either; since the rationale relied upon by the court in *Allen* might be read to imply that an amount erroneously reported as income should not be considered to be a part of "gross income stated in the return," it was prudent for the court to affirm or deny that implication. Moreover, it appears that no other courts have considered the question dealt with in the footnote in *Allen*.

The petitioner argues that her construction of section 6013(e) is supported by the regulations under section 6501(e). Section 301.6501(e)–1(a)(1)(ii), Proced. & Admin. Regs., provides in part that "the term 'gross income', as it relates to a trade or business, means the total of the amounts received or accrued from the sale of goods or services, to the extent required to be shown on the return, without reduction for the cost of such sales or services." The petitioner contends that under such definition, the "gross income" of herself and Mr. Stroman as "stated in the return" did not include the $10,000 loan. However, the regulation merely defines "gross income" for purposes of section 6501(e) and does not purport to define "gross income stated in the return." The apparent purpose of the regulation is not to equate "gross income stated in the return" with "gross income," but merely to reiterate what is provided in section 6501(e)(1)(A)(i): that in the case of a trade or business, gross income means income before costs for purposes of section 6501(e).[4]

---

[4]The petitioner also argues that *Allen* is distinguishable from this case and that therefore we should not rely on the Fifth Circuit's footnote. As we understand the argument, the petitioner contends that in *Allen*, the amounts reported as income merely "related to the use of the accrual rather than the correct cash method of accounting" and that under sec. 301.6501(e)–1(a)(1)(ii), Proced. & Admin. Regs., such amounts would have constituted income in another year, whereas the $10,000 loan reported as income in this case would not have constituted income in any year. The petitioner concludes, essentially, that under the facts of this case, the Fifth Circuit would subtract the $10,000 loan in computing "gross income stated in the return." However, in our judgment, there is absolutely no basis for such conclusion. There is simply nothing contained in the opinion in *Allen* to suggest that the Fifth Circuit would draw any distinction among different types of items erroneously included in income.

In our judgment, the construction of the phrase "gross income stated in the return" adopted by the Fifth Circuit in its *Allen* opinion is wholly consistent with the statute, and we find no reason in the legislative history or otherwise for not following such decision. Accordingly, in this case, we hold that there was not a 25-percent omission for purposes of section 6013(e)(1)(A) and that, therefore, the petitioner is not entitled to the benefits of section 6013(e).

*Decision will be entered for the respondent.*