H. Keith HARBER, Executor of the Estate of John B. Haskins, Deceased, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13077.

United States Court of Appeals Sixth Circuit.

Oct. 25, 1957.

**144**

H. Keith Harber, Chattanooga, Tenn., for petitioner.

S. Dee Hanson, Washington, D. C. (Charles K. Rice, Ellis N. Slack, Robert N. Anderson, Washington, D. C., on the brief), for respondent.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

The Executor of the Estate of Dr. John B. Haskins, deceased, petitions for review of a decision of the Tax Court of the United States holding that there are large deficiencies in income taxes, with the consequence that additions to tax were assessed against the taxpayer for fraudulent failure to report substantial income from the taxpayer's medical practice for the years 1941 to 1947, inclusive. The petitioner concedes the accuracy of the income tax deficiencies as determined by the Commissioner of Internal Revenue, except that, it is contended, collection of the deficiencies assessed for the years 1941 to 1945 is barred by the statute of limitations. The application of the fraud penalty resulting in additional taxes furnishes the main contest on this review. Petitioner contends that the failure of the doctor to make correct income tax returns was not due to intentional fraud, but was occasioned by negligence of employees in his office in not supplying correct data from his office records upon which a Certified Public Accountant, selected by the doctor, made out the returns.

In carefully considered findings of fact, supported by substantial evidence and not clearly erroneous, and in a well-reasoned opinion, the tax court found as a matter of fact that the decedent had fraudulently failed to report accurately his income for the years involved in an attempt to evade taxes. Consequently, the statute of limitations was held not to bar the assessments for the years 1941 to 1945, inclusive. The tax court considered the most significant fact in establishing the doctor's fraud to have consisted in his failure to report a very substantial amount of his income from the practice of his profession for the year 1945. His unreported income from his professional services in that year exceeded $47,000, which was more than double the amount actually reported by him. For each of the years 1944 and 1946, his unreported income from his medical practice exceeded $30,000. His unreported professional income for the years 1941, 1942 and 1943, was more than $20,000 for each year. For 1941 and 1944, the amount of his unreported income was double the amount reported.

The tax court pointed out that the doctor was conducting an individual practice and must have been aware of its extent and of the fees he was charging; and that the gross understatement of his professional income must have been apparent to him upon examination of the returns at the time of execution during the seven consecutive years. He also failed to report certain capital gains from real estate transactions.

Petitioner relies upon a decision of this court in Wiseley v. Commissioner, 6 Cir., 185 F.2d 263. We think the marked difference between the two cases renders them clearly differentiable. As the tax court stated in its opinion, Dr. Wiseley, knowing that his income tax returns had only been estimated and realizing that he was in difficulty because of the understatement of his income, secured assistance of friends in procuring personal auditors for his books as soon as possible after he found out from an employee that his income had been greatly understated. He then filed amended returns to correct the originals.

Upon the basis of the findings of fact of the tax court and for the reasons stated in its opinion, the decision of the tax court is affirmed.