HESEKIER DOWDY AND LUCILLE M. DOWDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dowdy v. Commissioner
Docket No. 29639-84.
United States Tax Court
T.C. Memo 1986-589; 1986 Tax Ct. Memo LEXIS 20; 52 T.C.M. (CCH) 1192; T.C.M. (RIA) 86589; December 17, 1986. Peter R. Stromer, for the petitioners. M. Kendall Williams, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies and additions to petitioners' income tax as follows: Additions to Tax, I.R.C. 1954
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
1980
$5,502.00
$275.10
1981
7,977.00
398.85
50% of interest
payable on $7,977.00
1982
1,904.00
95.20
50% of interest
payable on $1,904.00 [2]
Respondent also seeks $5,000 damages under section *22 6673 for instituting proceedings primarily for delay or for asserting a frivolous or groundless position in these proceedings. At calendar call petitioners conceded the deficiency determinations and the additions to tax under section 6653(a)(1) and (2). We must now decide whether petitioner Lucille M. Dowdy (Lucille) is an innocent spouse under section 6013(e), and whether petitioners are liable for damages. Petitioners, then husband and wife, filed timely joint income tax returns for 1980, 1981, and 1982 at Fresno, California. Both petitioners signed the returns. Petitioners' legal residence was in San Jose, California, when they filed their petition. They are now divorced. During the years in issue, petitioner Hesekier Dowdy (Hesekier) was a lead mechanic at United Airlines. He received wages of $22,928.27, $31,777.59, and $33,886.64 for 1980, 1981, and 1982, respectively. Lucille, a clerk at Pacific Telephone & Telegraph Co., received wages of $16,870.10, $19,141.84, and $18,854.69 for 1980, 1981, and 1982, respectively. On their returns petitioners deducted $19,855 for 1980, $25,000 for 1981, and $25,000 for 1982 as charitable contributions to Universal Life Church *23 local chapter 34916. The chapter maintained a checking account at Wells Fargo Bank. Petitioners jointly opened the account on April 16, 1980. On the signature card, Hesekier's title is "minister", and Lucille's is "treasurer." Lucille is also shown as "secretary." Petitioners deposited funds into this account and then withdrew them for their personal living expenses. The checks written on this account were signed by Lucille. Lucille and Hesekier were married from 1976 to 1983. Lucille testified that she prepared and signed the checks as Hesekier instructed her to. She claims to have no awareness of Hesekier's activities during their seven years of marriage. She said she was afraid to question or defy him because he was domineering and sometimes violent. Lucille stated that she signed the returns simply because Hesekier told her to. Hesekier did not appear at trial, nor did any other witnesses testify. We first note that Lucille does not seek to nullify her signature on the return on the ground that it was obtained by duress. [3] Indeed, such a claim would leave her in the position as having failed to file returns for the years in issue, years in which she clearly earned *24 taxable income on her own behalf. Instead, she seeks relief from joint and severable liability, claiming she is an "innocent spouse" under section 6013(e). [4]
The burden of proving each element of section 6013(e) is on petitioners. Adams v. Commissioner,60 T.C. 300, 303 (1973). To qualify, Lucille must show for each year that (1) on such year's joint return there is a substantial understatement [5] of tax attributable to grossly erroneous items [6] of Hesekier; (2) Lucille did not know and had no reason to know of the substantial understatement; *25 and (3) taking into account all of the facts and circumstances it is inequitable to hold Lucille liable for the deficiency attributed to such understatement.
In addition, except as to any liability attributable to the omission of an item from gross income, Lucille must establish that the liability for tax (including interest, penalties, and other amounts) exceeds a specified percentage of her own income in the year ending before the deficiency notice was mailed. Section 6013(e)(4). We hold that Lucille has not met her burden of proving that in signing her original tax returns she did not know, and had no reason to know, that there were substantial underpayments of tax attributable *26 to improper deductions to the "church" bank account. Lucille was a cosignatory on the account. She wrote and signed the checks from that account to pay personal family expenses. We do not believe she signed these checks wearing a blindfold. Lucille may have complied with Hesekier's instructions out of intimidation, but we are not convinced she was helpless to resist. Lucille struck us as a capable and intelligent woman. During the years in issue she held a responsible position and earned nearly $20,000 a year. We have no doubt she knew or had reason to know what was going on. In addition, we do not believe it is inequitable to hold Lucille liable for the deficiency. The parties have stipulated that petitioners withdrew the ULC chapter funds for their personal living expenses. We assume this included Lucille's expenses as well as those of Hesekier, and no contrary evidence was offered. For the foregoing reasons, we hold that Lucille is not an innocent spouse. We next consider whether damages should be awarded to respondent under section 6673. Taking into account all the facts and circumstances, we decline to award damages. To reflect the foregoing, Decision will *27 be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
2. In his notice of deficiency respondent also determined a civil penalty under sec. 6702 for filing a frivolous return, in the amount of $500 for taxable year 1982. However, deficiency procedures do not apply with respect to the assessment or collection of civil penalties provided by sec. 6702. See sec. 6703(b). This Court therefore has no jurisdiction to consider this item.↩
3. Cf. Furnish v. Commissioner,262 F.2d 727 (9th Cir. 1985), affg. in part and remanding in part 29 T.C. 279 (1957); Stanley v. Commissioner,81 T.C. 634 (1983); Brown v. Commissioner,51 T.C. 116↩ (1968). 4. Sec. 424(a) of the Tax Reform Act of 1984 amended sec. 6013(e)↩ with retroactive application to all taxable years to which the Internal Revenue Code of 1954 and 1939 apply, Pub. L. 98-369, sec. 424, 98 Stat. 801; H.Rept. 98-432, (Part 2) 1501, 1503 (1984).
5. A "substantial understatement" means an understatement that exceeds $500. Sec. 6013(e)(3)↩. 6. The term "grossly erroneous items" means any item of gross income which is omitted from gross income and any claim of a deduction, credit, or basis in amount for which there is no basis in fact or law. Sec. 6013(e)(2)↩.