BARBARA E. FLEMING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fleming v. Commissioner
Docket No. 16422-86.
United States Tax Court
T.C. Memo 1989-10; 1989 Tax Ct. Memo LEXIS 10; 56 T.C.M. (CCH) 1022; T.C.M. (RIA) 89010; January 10, 1989. Donald D. DeGrasse and William J. Rohrbach, Jr., for the petitioner. Elizabeth Girafalco Chirich, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's and her former husband's Federal income taxes for the taxable years 1982 and 1983 and additions to tax as follows: Additions to Tax
Year
Deficiency
6653(a)(1) [1]
6653(a)(2)
6661 [2]
1982
$ 6,743.85
$ 337.19
*
$ 651.38
1983
1,057.00
52.85
*
--
*12 After concessions by petitioner, the issues remaining for decision are (1) whether petitioner is entitled to relief under the innocent spouse provisions of section 6013(e) from the deficiency in Federal income tax and the additions to tax resulting from the omitted income of her former husband, James P. Mattox, for the taxable year 1982; (2) whether petitioner is entitled to relief under the innocent spouse provisions of section 6013(e) from the deficiency in Federal income tax and the additions to tax resulting from the overstated deductions of her former husband, James P. Mattox, for the taxable year 1983; (3) whether petitioner is liable for the additions to tax under section 6653(a)(1) and (2) for the taxable years 1982 and 1983; and (4) whether petitioner is liable for an addition to tax pursuant to section 6661(a) for the taxable year 1982. FINDINGS OF FACT Some of the facts of this case have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioner, Barbara E. Fleming resided in Houston, Texas, at the time of the filing of the petition in this case. Petitioner filed joint Federal income tax returns *13 with her former husband, James P. Mattox (Mattox), for the taxable years 1982 and 1983. Petitioner resided in Seattle, Washington, from January to March 1982, where she earned gross income of $ 2,802. With the encouragement of her brother, she moved to Houston, Texas, and lived with her brother for 3 months, working temporary jobs from the end of March until the end of June, 1982, earning $ 1,759.33. Petitioner failed to report this amount on the 1982 joint Federal income tax return and has conceded this adjustment. [3] She claimed $ 2,970 in moving expenses and has conceded $ 2,711 as unsubstantiated. Petitioner was hired at the end of June 1982, as a secretary by the Burzynsky Research Institute and earned gross income from this job, for 1982, of $ 6,901.31. It was at this time that petitioner rented an apartment of her own. In July 1982, petitioner met Mattox, and he subsequently moved in with her. At that time, petitioner was living in an apartment and paying $ 350 per month in rent. She continued to pay the rent with her own funds after Mattox moved in. In *14 addition, petitioner paid for all of the utilities and phone bills, and most of the expenses of the household. When petitioner met her former husband, he told her he was a promoter of "Big Texas Roundup, Inc." (Big Texas Roundup). Big Texas Roundup was a function in Houston, Texas, that provided entertainment to the public. He represented himself to petitioner as a "high-rolling promoter" and told her that the red Cadillac Eldorado he was driving was assigned to him by Big Texas Roundup. Mattox received $ 19,100 in 1982 from Big Texas Roundup but such amount was not reported on the 1982 joint Federal income tax return. Petitioner has conceded this adjustment. In addition to informing petitioner of his employment with Big Texas Roundup, Mattox at one time told petitioner that he had picked up a $ 300 check from them. Prior to their marriage, Mattox purchased a new Oldsmobile automobile. Although Mattox purchased the car, (petitioner having no personal liability), petitioner made some, but not all, of the $ 400 monthly payments when the finance company informed her that Mattox had missed a payment. Petitioner married Mattox on September 1, 1982, and thereafter they went on *15 their honeymoon which petitioner financed with her own funds and by a loan from her brother. Petitioner has since repaid her brother. Immediately after the 3-week honeymoon, petitioner, describing her husband as a "con artist," "liar," "thief," and an "alcoholic," investigated whether she could have the marriage annulled. Petitioner and Mattox were divorced in 1985. Petitioner and her former husband reported gross income of $ 9,703.31 and adjusted gross income of $ 6,733.31 on their joint Federal income tax return for 1982, all of which was earned by petitioner. Federal taxes withheld and F.I.C.A. withholdings were $ 1,447.31 and $ 650.13, respectively. Although petitioner took care of the household finances, which included balancing the checkbook and making deposits, Mattox prepared the computations for the 1982 return and petitioner filled in the information on the return. While filling in the return, petitioner asked Mattox what she should write down for his occupation and he stated "unemployed." Although petitioner was suspicious of Mattox's motives in insisting on filing a joint return, she nevertheless filed in silence. A joint Federal income tax return was filed for *16 1983. The deficiency for 1983 resulted from Mattox's unsubstantiated employee business expense deductions in the amount of $ 5,443.73 claimed on their joint Federal income tax return. Petitioner has conceded this adjustment to income. The Commissioner issued a notice of deficiency to petitioner and Mattox for the taxable years 1982 and 1983. Petitioner has conceded all of the deficiencies in Federal income tax for the taxable years 1982 and 1983, but claimed the defense of innocent spouse, pursuant to section 6013(e) with respect to the liability resulting from the omission of her former husband's self-employment income for the taxable year 1982, and with respect to the liability resulting from the unsubstantiated deductions of her former husband for the taxable year 1983. The Commissioner also imposed section 6653(a)(1) and (2) additions to tax for taxable years 1982 and 1983 and section 6661 addition to tax for taxable year 1983. Petitioner has not conceded these amounts. OPINION When a husband and wife file a joint return, they are jointly and severally liable for the tax due thereon. Sec. 6013(d)(3). Therefore, notwithstanding the fact that petitioner's efforts did *17 not produce the unreported income of $ 19,100, or the unsubstantiated employee business expense deductions of $ 5,443.73, petitioner is individually liable for the tax resulting from these determinations. Petitioner has not contested the correctness of respondent's determinations of deficiencies for 1982 and 1983. We must decide however, whether petitioner is relieved of joint and several liability for these deficiencies by virtue of the innocent spouse provisions of section 6013(e). [4]
The "innocent spouse" rule of section 6013(e) as amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 801-802, has provided relief for this sometimes inequitable result of joint and several liability. An "innocent spouse" will be relieved of liability if all of the following elements are met: (A) a joint return has been made under this section for a taxable year; (B) on such return there is a substantial understatement *18 of tax attributable to grossly erroneous items of one spouse; (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement; and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement * * *. [Sec. 6013(e)(1).] All four statutory requirements must be met for petitioner to be afforded relief. Estate of Jackson v. Commissioner,72 T.C. 356, 360 (1979); Adams v. Commissioner,60 T.C. 300 (1973). Petitioner bears the burden of proving that each element has been satisfied. Rule 142(a); Sonnenborn v. Commissioner,57 T.C. 373, 381-383 (1971). 1982
There is no dispute as to whether a joint return was filed by petitioner and her former husband and that there was a substantial understatement of tax on such return, as that term is defined in section 6013(e)(3), attributable to "grossly erroneous items," i.e., Mattox's failure to report his self-employment income. We must, therefore, *19 decide whether petitioner has met the enumerated tests of section 6013(e)(1)(C) and (D). Section 6013(e)(1)(C), requires petitioner to establish that "in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement." The issue here is essentially factual, and the test to be applied is what a reasonably prudent person would or should know under the circumstances, keeping in mind such person's level of intelligence, education, and experience. Shea v. Commissioner,780 F.2d 561, 566 (6th Cir. 1986), affg. on this issue a Memorandum Opinion of this Court; Sanders v. United States,509 F.2d 162, 166-167 (5th Cir. 1975). Petitioner must prove (1) she did not have actual knowledge of the understatement of tax, and (2) the omission was not of such character as to cause a reasonably prudent person possessed of petitioner's experience and temperament to have known of the omission. We believe petitioner's testimony that she did not have actual knowledge of the understatement of tax on the return. Thus, we must decide whether petitioner "had reason to know" of the substantial understatement. In determining *20 whether a spouse "should have known of the omitted income, the standard to be applied is whether a reasonable person under the circumstances of the taxpayer at the time of signing the return could be expected to know of the omission." Terzian v. Commissioner,72 T.C. 1164, 1170 (1979) (quoting Sanders v. United States, supra.) This Court has found at least three factors significant in deciding whether a spouse had reason to know of omissions from gross income: (1) unusual or lavish expenditures, Mysse v. Commissioner,57 T.C. 680, 699 (1972); (2) participation in business affairs or bookkeeping, Quinn v. Commissioner,62 T.C. 223 (1974), affd. 524 F.2d 617 (7th Cir. 1975); and (3) the guilty spouse's refusal to be forthright concerning the couple's income, Adams v. Commissioner, supra.
Petitioner's circumstances included the following: she knew that Mattox was a promoter for Big Texas Roundup; she was told by Mattox that he had picked up a $ 300 check from Big Texas Roundup; although petitioner paid for most of the living expenses while living with Mattox, she did not pay for and could not explain *21 where he obtained money for his other living expenses such as food, clothing, gas, and alcohol (petitioner claimed that Mattox was an alcoholic); she knew that Mattox had purchased a new car prior to their marriage but she did not ask how he financed it; she made some payments on the new car of $ 400 a month when the finance company informed her that Mattox had missed a payment; she handled the financial affairs and bookkeeping of the family; when told by Mattox that his occupation for 1982 Federal income tax purposes was "unemployed" petitioner did not question this; she stated that she had "insight" into the man she had married very early on in their relationship and concluded that he was a "con artist," "liar," "thief," and "alcoholic." Based upon these facts and circumstances, we find that petitioner was put on notice that gross income was substantially understated and she should have inquired into the financial status of Mattox. In addition, petitioner should have known that she and Mattox lived a lifestyle in excess of her financial support. Although they did not live extravagantly, any person of normal intelligenc would have realized that the income reported on their 1982 *22 joint Federal income tax return would not have supported petitioner and Mattox in their modest lifestyle. Gross income reported on the 1982 return was $ 9,703.31 and petitioner has conceded an additional $ 1,765.33 in unreported wage and interest income, for a total of $ 11,468.64 in gross income. Federal taxes withheld and F.I.C.A. withholdings were $ 1,447.31 and $ 650.13 respectively, leaving a balance of $ 9,371.20. In addition, petitioner claims she incurred $ 2,970 in moving expenses, which gives her a balance of $ 6,401.20 for the year. This is $ 533.43 a month to live on. For 1982, petitioner claims that she paid from a period subsequent to the end of June, $ 350 per month in rent, all the utility bills, large phone bills, and household expenses. She even paid some of the car payments of $ 400 a month for a new car that Mattox purchased, an unusual expenditure for a man who was unemployed. Finally, petitioner was able to take off 3 weeks of work in September for her honeymoon which she claims to have financed in part. Petitioner asserts that she had no savings from which to draw from and, therefore, all of these payments were made from her earnings. We do not believe *23 that petitioner has satisfied her burden of proof based upon these facts. A reasonably prudent person would be cognizant of the fact that the family's expenses exceeded her income. [5] Petitioner cannot ignore this discrepancy by claiming that she did not want to pry into her husband's finances. Based upon the nominal income reported, petitioner should have been alerted that substantial understatements had been made on the 1982 joint Federal income tax return. Even though she did not make the calculations for the 1982 joint Federal income tax return, she did fill in the information on the return, she saw the amount reported as gross income, yet she chose not to ask questions regarding her husband's financial status. Petitioner may not have wanted to know what was going on with respect to Mattox's financial affairs in 1982, but she was put on notice that something was amiss, and she should have made some inquiries when signing the 1982 return. *24 It is important to point out that prior to their marriage, Mattox purchased a new car. Petitioner cannot close her eyes to this unusual expenditure which might give her reason to know of unreported income. "[O]ne person's luxury can be another's necessity, and the lavishness of an expense must be measured from each family's relative level of ordinary support." Mysse v. Commissioner, supra. It is an unusual expenditure, in light of the fact that petitioner, knowing of this purchase, was able to fill in without question, "unemployed" for Mattox's occupation on their 1982 joint Federal income tax return. A reasonably prudent taxpayer faced with the same circumstances would have made some inquiries when preparing the return. Although Mattox's financial concealment is a factor which weighs in favor of applying section 6013(e), petitioner's knowledge of Mattox's deceitful character at the time she signed the 1982 return would have put a reasonable person on notice that gross income may be substantially understated. She contends that immediately after the honeymoon, she sought an annulment of the marriage on the grounds that Mattox was a "con artist," "liar," "thief, *25 " and an "alcoholic." Although she was suspicious of his motives in insisting on filing a joint return, she nevertheless filed in silence. Despite all of her accusations regarding his character and suspicions of his intentions in filing a joint return, she did not make the slightest effort to ascertain whether Mattox was actually employed and paid by Big Texas Roundup. She blindly accepted his statement that his occupation was "unemployed" in 1982. As petitioner has failed to satisfy the third requirement under section 6013(e), we need not determine whether, taking all of the facts and circumstances into consideration, it would be inequitable to hold her liable for the deficiency attributable to the omissions of income. 1983
For the taxable year 1983, respondent determined a deficiency in petitioner's Federal income tax and additions to tax resulting from Mattox's overstated deductions. As we stated, all of the requirements of section 6013(e) must be satisfied for each of the taxable years at issue. The parties are in agreement that a joint return has been filed for 1983, and that there is a substantial understatement of tax. Sec. 6013(e)(1)(A); sec. 6013(e)(1)(B). However, *26 the parties are not in agreement as to whether such understatement of tax is attributable to "grossly erroneous items." Sec. 6013(e)(1)(B). "Grossly erroneous items" are defined in part as "any claim of a deduction, credit, or basis by [the spouse not claiming innocent spouse relief] in an amount for which there is no basis in fact or law." Sec. 6013(e)(2). Petitioner has the burden of proof to establish that the employee business expense deductions claimed by Mattox and disallowed by respondent, did not have a basis in law or fact. Purcell v. Commissioner,86 T.C. 228 (1986), affd. 826 F.2d 470 (6th Cir. 1987), cert. denied 108 S.Ct. 1290 (1988). Petitioner has presented no evidence on this point. The disallowance of the deductions by respondent is not evidence that the claimed deductions had no basis in law or in fact. Douglas v. Commissioner,86 T.C. 758, 763 (1986). In addition, the mere concession by petitioner of the disallowed deductions is not sufficient to meet petitioner's burden. Purcell v. Commissioner, supra at 239. Petitioner has failed in her burden of proof. Additions to Tax
*27 The next issue for our decision is whether petitioner is liable for the additions to tax under section 6653(a)(1) and (2) for the taxable years 1982 and 1983. Respondent determined that all of the underpayment of tax for the years 1982 and 1983 was due to negligence or intentional disregard of the rules and regulations. Petitioner bears the burden of proving that the Commissioner's determination of additions to tax is erroneous. Rule 142(a). The joint and several liability for the tax that arises from filing a joint return also extends to any additions to tax. Sec. 6662(a)(2). The addition to tax under section 6653(a)(1) imposes an addition to tax in the amount of 5 percent of an underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of the rules and regulations. Section 6653(a)(2) imposes a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would under the circumstances. Marcello v. Commissioner,380 F.2d 499, 506 (5th Cir. 1967), *28 affg. on this issue and remanding on another 43 T.C. 168, 182 (1964); Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioner has the burden of proving that her underpayment of tax was not attributable to negligence or intentional disregard of the rules and regulations but rather was due to reasonable cause. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioner has offered no evidence to establish that the omission of gross income in 1982 and the unsubstantiated deductions in 1983 were other than due to negligence or intentional disregard of the rules and regulations. For 1982, she asserts that she assumed her husband had no income. With respect to her own omitted income in 1982, she testified that she forgot to report it. In addition, based upon conflicting testimony, we are unable to determine her justification for failing to substantiate her moving expenses. For 1983, petitioner offered no evidence whatsoever. Petitioner, therefore, did not meet her burden of proving that she is not liable for the additions to tax under section 6653(a)(1) and (2). We find that petitioner is liable in 1982 and 1983 for the additions *29 to tax under section 6653(a)(1) and (2). Section 6661 provides for an addition to tax for a substantial understatement of income tax liability. For an understatement of tax to be considered substantial, the amount must exceed the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1)(A). Section 6661(b)(2)(A) defines "understatement" as the tax required to be shown on the return, less the tax imposed which was reported on the return. The amount of the understatement is further reduced by the portion of the understatement attributable to any non-tax shelter item for which there was either substantial authority for the taxpayer's return position or adequate disclosure in the return. Sec. 6661(b)(2)(B). Clearly, a substantial understatement of tax exists in 1982. Petitioner has offered no evidence that substantial authority exists or adequate disclosure was made under section 6661(b)(2)(B). We find that petitioner is liable for the addition to tax under section 6661 and sustain respondent's amended Answer for the increase in the addition to tax for taxable year 1982. Pallottini v. Commissioner,90 T.C. 498 (1988). *30 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable years 1982 and 1983, and rule numbers refer to the Rules of Practice and Procedure of this Court. ↩
2. The Commissioner determined that the understatement of tax by petitioner was substantial under sec. 6661 and imposed an addition to tax equal to 10 percent of the underpayment attributable to such understatement. Subsequent to the date of the notice of deficiency, sec. 6661 was amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1504(a), 100 Stat. 2085, 2743, increasing the addition to tax to 20 percent of the underpayment attributable to the understatement. The Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(a), 100 Stat. 1874, 1951, increased the addition to tax to 25 percent. This increased rate applies to all additions to tax assessed pursuant to sec. 6661 after Oct. 21, 1986. Pallottini v. Commissioner,90 T.C. 498↩ (1988). Respondent, by amendment to Answer, increased the addition to tax under 6661(a) from 10 percent to 25 percent for the taxable year 1982.
*. This amount will be computed on the day of assessment. ↩
3. Petitioner has also conceded unreported interest income in the amount of $ 6 for 1982 and $ 1 for 1983.↩
4. Petitioner concedes that the innocent spouse provisions of sec. 6013(e) are not applicable to her personal unreported wage and interest income of $ 1,765.33 and to her overstated moving expenses in the amount of $ 2,711 for the taxable year 1982.↩
5. Petitioner contends that loans from her brother and the use of credit cards provided additional financial support during this time period. However, we are aware of only one occasion in which petitioner borrowed from her brother -- for her honeymoon, and she has repaid this amount. With respect to the use of credit cards, petitioner did not submit to the Court any evidence regarding her use of such.↩