SONDRA H. GOLDMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goldman v. Commissioner
Docket No. 22453-86
United States Tax Court
T.C. Memo 1989-402; 1989 Tax Ct. Memo LEXIS 400; 57 T.C.M. (CCH) 1169; T.C.M. (RIA) 89402; August 1, 1989
*400 P and her husband formed a corporation to receive kickbacks from her husband's employer and several of its subcontractors. P deposited all of the kickbacks into the corporation's bank account. P wrote all of the checks drawn on the account. The kickbacks were used to pay for P's personal expenses. P signed all of the corporation's Federal income tax returns which claimed the personal expenses as costs of goods sold and other business expenses. Held, P does not qualify for innocent spouse relief under I.R.C. section 6013(e). Held further, P is liable for additions to tax under I.R.C. section 6653(b). Murray Appleman, for the petitioner. Jack H. Klinghoffer and William H. Stoddard, III, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief Judge: Respondent determined deficiencies in and additions to petitioner's *402 Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
1978
$ 29,142.71
$ 14,571.35
--
1979
20,775.33
10,387.66
--
1980
20,633.57
10,316.78
--
1981
13,780.38
6,890.19
--
1982
8,018.00
4,009.00
50% of interest  due on $ 8,018.00
(Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) The issues for decision are (1) whether petitioner qualifies for innocent spouse relief under section 6013(e); and (2) whether petitioner is liable for additions to tax under section 6653(b). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner is married to Walter H. Goldman (Walter). As of the date of trial in this case, petitioner had been married to Walter for 27 years. During the years in issue and at the time the petition in this case was filed, petitioner and Walter resided in Monsey, New York. *403 They filed a joint income tax return for each of the years in issue. Petitioner graduated from Walton High School in the Bronx, New York. Upon graduating from high school, petitioner worked as a receptionist for six months. Thereafter, she went to work for her father for two years. At the time of trial, petitioner's children, Andrew and Roy, were 25 and 22 years old, respectively. During the years in issue, petitioner was not employed outside her home. During the years 1977 through 1982, Walter was employed by Dorby Frocks (Dorby), a clothing manufacturer, as a production manager. Walter's responsibilities included dealing with Dorby's subcontractors. On July 19, 1977, petitioner and Walter formed A & R Pattern Service, Inc. (A & R). During the years 1977 through 1982, petitioner served as A & R's president and sole stockholder. On July 25, 1977, a bank account was opened for A & R at Empire National Bank over which account petitioner, as president of A & R, had signatory authority in her individual capacity. During the years in issue, Walter arranged to have Dorby and several of its subcontractors pay kickbacks to A & R for services that Walter had rendered. The *404 kickbacks were given to Walter who would in turn give them to petitioner. She then deposited the kickbacks into the A & R bank account. The following amounts were paid to A & R for services that Walter had rendered: Year
Amount
1978
$ 56,557.70
1979
38,922.00
1980
34,274.96
1981
26,500.00
1982
16,920.00
Petitioner controlled the administration of the A & R account. She not only made all of the deposits into the A & R account but also wrote all of the checks drawn from the A & R account. Petitioner used the funds in the account to meet her personal expenses as well as those of her family. Her purchases included linens, a Jaguar automobile with the personalized license plate "Sunny," manicures, groceries, catering service, vacations in New Orleans and Puerto Rico, personal clothing and supplies for her son's horse. A & R filed corporate income tax returns for all of the years in issue. Petitioner signed each of these returns as president of A & R. The returns reported as business expenses and costs of goods sold amounts which were in actuality expended by petitioner for the above-described personal items enjoyed by petitioner and her family. OPINION
*405 In general, spouses who file a joint return have joint and several liability for the tax computed on their aggregate income. Section 6013(d)(3). Petitioner concedes that the following amounts of A & R income should have been reported on the joint returns filed by petitioner and her husband for the years in issue: Year
Amount
1978
$ 56,557.70
1979
38,922.00
1980
34,274.96
1981
26,500.00
1982
16,920.00
However, petitioner seeks relief from joint and several liability for the deficiencies in income tax computed on the above amounts of unreported income by claiming that she is an "innocent spouse" under section 6013(e). (The Deficit Reduction Act of 1984, Pub. L. 98-369, section 424(a), 98 Stat. 494, 801-802, amended section 6013(e) retroactively, applicable to all years to which the Internal Revenue Code of 1954 applies.) To qualify for such relief, the following four requirements must be met: 1. a joint return has been made; 2. the return shows a substantial understatement (defined in section 6013(e)(3) as any understatement exceeding $ 500) of tax attributable to grossly erroneous items of one spouse; 3. the other spouse establishes that at *406 the time the return was signed he or she neither knew nor had reason to know that there was a substantial understatement; and 4. under the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency attributable to such substantial understatement. Sections 6013(e)(1)(A) through (D). Respondent admits that petitioner has satisfied the first two of these requirements by filing joint returns for the years in issue which showed substantial understatements of tax attributable to grossly erroneous items of her husband. Respondent contends, however, that petitioner has failed to meet the latter two requirements as provided in sections 6013(e)(1)(C) and 6013(e)(1)(D). Petitioner bears the burden of proving that each of these conditions has been met. Sonnenborn v. Commissioner, 57 T.C. 373, 381 (1971); Rule 142(a). Petitioner has not established that in signing the joint returns she did not know, and had no reason to know, that there were substantial understatements of tax attributable to the omission of income derived from the A & R kickback operation. As president of A & R, petitioner had signatory authority and control over *407 the A & R bank account. Petitioner alone deposited all of the kickbacks into the A & R account. She drew all of the checks from the A & R account to pay for either her personal expenses or those of her family. To qualify for innocent spouse status, "a spouse cannot close her eyes to unusual or lavish expenditures, or to other facts, that might give her reason to know of the unreported income." Terzian v. Commissioner, 72 T.C. 1164, 1170 (1979). In the instant case, petitioner had numerous reasons to know of he unreported income. She deposited all of the kickbacks into the A & R account and she used the A & R funds to purchase such items as a Jaguar with the personalized license plate "Sunny." Petitioner drew checks from the A & R account over an extended five-year period which she used to meet the personal household expenses of her family. Such personal expenses included horse supplies, catering services and groceries. Petitioner's control of the A & R kickbacks coupled with her consistent use of the funds to make extravagant purchases and to meet the personal expenses of her family gave her reason to know of the unreported income. Petitioner testified that *408 Walter never told her why A & R was formed and that she was unaware that she was president of A & R. We find her testimony not credible. Petitioner assisted in the formation of A & R. She made all of the deposits to and exercised control over the A & R account. She wrote all of the checks from the account to pay personal expenses. Petitioner signed two A & R account signature cards as "Sondra Goldman Pres." and she signed the A & R corporate income tax returns in a similar fashion. Petitioner was aware that the kickbacks constituted taxable income. We must conclude that petitioner was fully aware of why A & R was formed and that she was its president. Petitioner has also failed to show that it would be inequitable to hold her liable for the taxes attributable to the unreported income for the years in issue. In determining whether it is inequitable to deny innocent spouse relief under section 6013(e), this Court has considered direct and indirect benefits received from the unreported income by the taxpayer claiming such status. Adams v. Commissioner, 60 T.C. 300 (1973). While section 6013(e) as amended in 1984 by the Deficit Reduction Act of 1984, Pub. L. *409 98-369, section 424(a), 98 Stat. 494, 801-802, no longer requires an assessment of whether a spouse benefited from an erroneous item, Congress intended that benefits received should continue to be considered. H. Rept. 98-432, Pt. 2, 1502 (March 5, 1984). During the years in issue, petitioner benefited directly from the unreported income. She used the A & R funds to purchase a Jaguar, manicures, catering services and trips to New Orleans and Puerto Rico. Accordingly, we deny petitioner's claim to innocent spouse status under section 6013(e). Section 6653(b) Additions to Tax
Respondent determined additions to tax for fraud under section 6653(b) for each year in issue. [1] To establish the existence of fraud, respondent must prove by clear and convincing evidence that (1) petitioner underpaid her income tax; and (2) some part of the underpayment was due to fraud. Section 7454(a); Rule 142(b); Stone v. Commissioner, 56 T.C. 213, 220 (1971). Petitioner contends that respondent has failed to sustain his burden. We do not agree. As previously decided, petitioner is not entitled to innocent spouse relief under section 6013(e) and she has underpaid her income *410 taxes in each of the years in issue as determined in the statutory notice. Section 6653(c)(1). The remaining issue for decision is whether all or a part of the underpayment for each year in issue was due to fraud. *411 To establish fraud, respondent must show that petitioner had the specific intent to evade a tax believed to be owing. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983); Marcus v. Commissioner, 70 T.C. 562, 577 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980). Because direct proof of a taxpayer's intent to defraud is seldom possible, respondent may show fraud through the transactions and conduct of the taxpayer. Nicholas v. Commissioner, 70 T.C. 1057, 1065 (1978). The existence of fraud is a question of fact to be determined upon consideration of the entire record. Stratton v. Commissioner, 54 T.C. 255, 284 (1970), modified on other grounds 54 T.C. 1351 (1970). Upon consideration of the entire record, we conclude that respondent has sustained his burden of proof by clear and convincing evidence for each of the years in issue. Although the mere understatement of income alone is not sufficient to prove fraud, the consistent and substantial understatement of income provides strong evidence of fraud. Marcus v. Commissioner, supra. Petitioner omitted *412 income derived from the A & R operation in the amounts of $ 56,557.70, $ 38,922.00, $ 34,274.96, $ 26,500.00 and $ 16,920.00 from her 1978, 1979, 1980, 1981 and 1982 joint income tax returns, respectively. Petitioner's omissions were both consistent and substantial. A pattern of consistent underreporting of income, especially when accompanied by additional facts and circumstantial evidence showing an intent to engage in fraudulent activity, justifies the inference of fraud. See Holland v. United States, 348 U.S. 121, 137 (1954); Otsuki v. Commissioner, 53 T.C. 96, 107-113 (1969). In the instant case, petitioner engaged in the most basic of fraudulent schemes. She assisted in her husband's formation of the A & R corporation. She deposited all of the kickbacks into the A & R bank account. She wrote all of the checks from the A & R account for personal expenses. She signed all of the A & R corporate income tax returns as "President" of A & R. The returns she signed claimed the bulk of her personal expenses as costs of goods sold or other business deductions, thereby significantly reducing the computed tax on the A & R kickback income. Her attempt *413 to shift blame onto her return preparer is not persuasive. See Harber v. Commissioner, 249 F.2d 143 (6th Cir. 1957), affg. a Memorandum Opinion of this Court. Neither is her contention that the A & R operation was solely conceived and operated by Walter. Accordingly, we find petitioner liable for additions to tax for the years in issue under section 6653(b). To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. For the taxable years 1978 through 1981, section 6653(b) provides: (b) FRAUD. -- If any part of any underpayment * * *of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse. The Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, section 325(a), 96 Stat. 324, amended section 6653(b) with respect to taxes the last day prescribed by law for payment of which is after September 3, 1982, as follows: (b) FRAUD. -- (1) IN GENERAL. -- If any part of any underpayment * * *of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO FRAUD. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to fraud, and (B) for the period beginning on the last day prescribed by law for payment of such underpayment (determining without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax). * * *↩