**Nancy A. FARMER, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 85-1410.

United States Court of Appeals, Sixth Circuit.

Argued April 17, 1986.

Decided July 15, 1986.

---

Neal Nusholtz (argued), Detroit, Mich., for plaintiff-appellant.

Michael L. Paup, Glenn L. Archer, Jr., Tax Div., Dept. of Justice, Washington, D.C., Ann Belanger Burney, Kenneth L. Greene (argued), for defendant-appellee.

Before LIVELY, Chief Judge, and MERRITT and JONES, Circuit Judges.

LIVELY, Chief Judge.

This is a tax case concerned with the "innocent spouse" provisions of the Internal Revenue Code (the Code). The Internal Revenue Service (IRS) assessed taxes against the plaintiff, Nancy Farmer, on the basis of joint income tax returns that she filed with her former husband for 1973, 1974 and 1975. She paid the deficiency assessment for 1975 with interest and brought this action for a refund. After reviewing the record and hearing arguments of counsel the district court granted the defendant's motion for summary judgment. We affirm.

## I.

### A.

The innocent spouse provisions of the Code make an exception to the usual rule of joint and several liability for joint tax returns established in 26 U.S.C. § 6013(e)(3)(1982). In order to qualify for this relief, a spouse must first satisfy general provisions set forth in the statute:

**(1) In general**

Under regulations prescribed by the Secretary, if—

(A) a joint return has been made under this section for a taxable year,

(B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,

(C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and

(D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.

26 U.S.C. § 6013(e)(1) (1982 ed., Supp. II).

If the tax deficiency is due to the omission of items from gross income, section 6013 relieves the innocent spouse of liability regardless of how great a percentage of his or her income the liability represents. However, where the liability results from the claim of an improper deduction, credit or basis, the statute limits relief:

(4) **Understatement must exceed specified percentage of spouse's income**
(A) **Adjusted gross income of $20,000 or less**

If the spouse's adjusted gross income for the preadjustment year is $20,000 or less, this subsection shall apply only if the liability described in paragraph (1) is greater than 10 percent of such adjusted gross income.

(B) **Adjusted gross income of more than $20,000**

If the spouse's adjusted gross income for the preadjustment year is more than $20,000, subparagraph (A) shall be applied by substituting "25 percent" for "10 percent".

26 U.S.C. § 6013(e)(4) (1982 ed. Supp.II).

The word "understatement," which appears both in the text of section 6013(e)(1) and in the heading of section 6013(e)(4) is defined generally as "the amount of tax required to be shown on the return for the taxable year, over [] the amount of the tax imposed which is shown in the return...."

26 U.S.C. § 6661(b)(2)(A) (1982 ed. Supp. II). Stripped of statutory verbiage, an understatement appears to be the difference between the tax due as reported on the return and as computed by the IRS.

### B.

Plaintiff and Clyde Hall were divorced in 1976. Clyde Hall was a member of a partnership prior to the divorce and could not be located when the partnership and joint individual returns were audited. The determination of deficiency was based almost entirely on the disallowance of partnership loss deductions claimed on the joint returns. These returns had schedules attached which showed Hall's share of partnership income for each year and indicated the calculation of the claimed losses.

The IRS concluded that the plaintiff qualified for relief from the assessment for 1973, but that she did not qualify with respect to 1974 and 1975. The basis for this conclusion was that the plaintiff's tax liability for the two years in question (1974 and 1975) did not exceed 25 percent of her adjusted gross income in 1978, "her preadjustment year," *i.e.*, the most recent taxable year of plaintiff ending before the date the deficiency notice was mailed. Plaintiff reported an adjusted gross income of $30,096 on her 1978 return. For 1974 the IRS assessed a $6,510 deficiency, plus an addition to tax of $415 and interest of $2,298.56, for a total assessment of $9,223.56. The 1975 assessment was for a total of $6,309.88, made up of a $4,955 deficiency plus $1,354.88 in interest and penalty. When plaintiff paid the 1975 assessment additional interest of $2,388 had accrued. Thus, her total payment on account of the 1975 deficiency was $8,698.54. Only the 1975 deficiency is at issue.

### II.

### A.

Plaintiff argued in the district court that her entitlement to relief under section 6013 should be determined by the amount she actually was required to pay, not just on

the amount of the tax deficiency resulting from her former husband's improperly claimed deductions. Since she actually paid 28.9 percent of her 1978 gross income ($8,698 divided by $30,096) to satisfy the 1975 deficiency, plaintiff asserted that she qualified for relief under section 6013(e)(4)(B) because her "liability described in paragraph (1) is greater than 25 percent" of her 1978 adjusted gross income. The government countered this contention with the argument that plaintiff does not qualify for relief because the tax deficiency for 1975—$4,955—was less than 25 percent of her 1978 adjusted gross income.

The district court found the statute ambiguous, but concluded in an oral opinion that "Plaintiff's interpretation of 6013(e) would create an anomalous situation in which a taxpayer who does not initially meet the percentage requirement of the statute could, by deferring full payment and selecting the appropriate forum for litigation, ultimately qualify for relief as an innocent spouse by either selection of the proper forum [1] or by allowing interest and effeciencies [sic] to be tacked on to take it over 25 percent.... The only constant thing ... is the tax liability itself, and I think that is all that we can consider in determining this."

**B.**

On appeal the plaintiff contends that "Congress intended to allow innocent spouse relief for erroneous deductions based upon her ability to pay the tax, and that her ability to pay the tax must include accumulated interest and penalties." She argues that section 6013(e) is not ambiguous. Eligibility for innocent spouse relief is based on the relationship between the spouse's income and her liability for tax, including interest and penalties. She maintains that the word "understatement" in the heading to subsection (4) may not be resorted to in order to create a conflict

where none exists in the text. The text of section 6013(e)(4) refers to "the liability described in paragraph (1)." Subsection (1) relieves spouses of "liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to [a] substantial understatement."

The government responds that the "liability" referred to in section 6013(e)(4) refers to the understatement of tax, exclusive of interest and additions to tax. It maintains that plaintiff's construction of the statute would lead to an absurd result. A spouse whose liability for an understated tax nearly equalled 25 percent of her pre-adjustment year income could delay payment of an assessment until accrued interest carried the total amount over the 25 percent mark and then qualify for a full refund. A spouse who promptly paid an identical deficiency assessment would not qualify for relief—an unreasonable or absurd result, according to the government.

The government agrees with the district court that section 6013(e)(4) is ambiguous. Instead of stating exactly what liability controls the percentage test, the section refers to "the liability described in paragraph (1)." The government argues that paragraph (1) does not provide clear directions, however. It uses the terms "understatement of tax," liability for "the deficiency in tax" and "liability for tax (including interest, penalties, and other amounts)." Under these circumstances, the government maintains, we should adopt a meaning based on a factor common to both sections. That factor, so the argument goes, is "understatement." This word appears in each operative subsection of section 6013(e)(1) and in the heading to section 6013(e)(4). Since, by definition, understatement includes only the excess of tax required to be shown on a return over the tax which is shown, the liability to

**1.** This reference to the choice of forum recognizes that when a deficiency assessment is contested in the Tax Court, only the asserted deficiency and penalties are at issue. However, when a deficiency assessment is paid and a suit for refund is brought in district court, the deficiency, penalties and all interest paid are at issue.

which the percentage test is applied is limited to liability for tax.

### III.

■ There is no question that plaintiff qualified under the general provisions of section 6013(e)(1). However, we agree with the district court that she did not satisfy the limiting provision of section 6013(e)(4). Section 6013(e)(4) grants relief only if "the liability described in paragraph (1)" exceeds the taxpayer spouse's adjusted gross income in a designated year. The liability in paragraph (1) is "liability for tax (including interest, penalties and other amounts) for such taxable year to the extent such liability is attributable" to a substantial understatement of tax due. In addition to describing the components of liability (tax, interest, penalties and other amounts) by reference to subsection (1), section 6013(e)(4) also establishes the time at which the liability is determined. This is done by reference to "the preadjustment year," the last taxable year of the taxpayer spouse ending before the date the deficiency notice is mailed. 26 U.S.C. § 6013(e)(4)(C).

■ It seems to us a reasonable construction that the percentage computation required by section 6013(e)(4)(B) be made by including in the spouse's liability the deficiency in tax plus any penalties and other amounts assessed and interest accrued to the date of the deficiency notice. This construction recognizes the congressional purpose of granting relief when payment would require the taxpayer spouse to part with too great a portion of her recent income. By determining the percentage on the basis of the total amount claimed by the IRS on the date of the deficiency notice, the relationship between income and liability is fixed by reference to a time made significant by other provisions of the statute. The taxpayer spouse gets the benefit of the literal language of subsection (1) by including all the components of "liability" as described therein, but is not afforded the opportunity to relieve herself of liability by permitting interest to accumulate after the assessment has been made—a practice we do not believe to have been intended.

Thus, we do not adopt fully the position of either party. We do not find ambiguity in the language, "the liability described in paragraph (1)." The word "liability" is used only one time in subsection (1) and is immediately defined to include interest. The government's position that no interest should be taken into account in making the percentage calculation required by subsection (4) flies in the face of this definition. However, plaintiff's contention that interest should continue to be included in the calculation after the amount of tax and total liability have been computed and the taxpayer spouse has an opportunity to stop the running of interest is an unreasonable one. We believe the construction requiring interest to the date of the notice to be included in the section 6013(e)(4) calculation, but excluding all subsequent interest, is in accord with the discernable intent of Congress to limit the relief available to an innocent spouse.

### IV.

Plaintiff makes the additional argument that the 1975 deficiency resulted from an omission of gross income and, therefore, is not subject to the 25 percent rule of section 6013(e)(4). This position is completely untenable. The 1975 joint return reported all of the husband's income from various sources. None of the reported amounts of gross income was challenged. The deficiency assessment resulted from the husband's claim that he was entitled to deduct a share of certain partnership losses. The fact that the correct amount of tax was increased when the deduction was disallowed did not result from a failure to report gross income. The disallowance of the deductions increased taxable income without changing in any way the gross income reported by the husband. Plaintiff's claim for refund was clearly subject to the percentage limitation of section 6013(e)(4).

The judgment of the district court is affirmed.