THOMAS KENDALL SCHNEIDER AND JOANNE DENISE SCHNEIDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schneider v. Commissioner
Docket No. 4354-90
United States Tax Court
T.C. Memo 1992-96; 1992 Tax Ct. Memo LEXIS 108; 63 T.C.M. (CCH) 2100; T.C.M. (RIA) 92096; February 18, 1992, Filed *108 Decision will be entered under Rule 155. Joanne D. Schneider, pro se. David A. Breen, for respondent. COLVIN
COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: Respondent determined deficiencies for petitioners for 1984, 1985, and 1986 as follows: Additions to Tax
Sec. Sec. 6653(a)(1) or
6653(a)(2) or
Sec.
Sec. Sec. Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6653(b)(1)
6653(b)(2)
6661(a)
1984
$ 45,582
$ 22,791
[1]
$ 11,396
1985
15,134
$ 757
[2]
1986
2,386
119
[2]
Petitioner Thomas Schneider concedes that the deficiencies and additions to tax as determined in the notice of deficiency are correct. The sole remaining issue for decision is whether petitioner Joanne Schneider qualifies as an innocent spouse under section 6013(e) for the years at issue. As discussed below, we hold that she qualifies as an innocent *109 spouse as to the omitted income and travel and entertainment deductions in 1984, but not as to any other deductions, credits, or self-employment taxes. All references to petitioner in the singular are to Joanne Schneider. All section references are to the Internal Revenue Code of 1954 in effect for the years at issue and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. 1. Petitioners
Petitioners are husband and wife who resided in Philadelphia, Pennsylvania, when the petition was filed. Petitioner graduated from a Catholic high school in 1964. She does not have a college degree. She began working as a secretary in the registrar's office of the Philadelphia College of Textiles and Science (hereinafter Textile) upon graduation from high school. She has worked at Textile continuously for 26 years as a secretary. At the time of trial, petitioner was secretary to the president of Textile. She married Thomas Schneider in 1983. Both she and her husband were 36 years old at the time. The marriage was her first and his second. Her husband is a graduate of Drexel University *110 and a certified public accountant. After they were married, her husband moved into petitioner's small apartment on the Textile campus. She paid the rent which was approximately $ 100 per pay period. They lived simply. The apartment was located above an art center. It had two bedrooms, one bathroom, a kitchen and a living room. At the time, petitioner drove a 1979 Plymouth Horizon automobile that she purchased before meeting her husband. Her husband drove a 1978 Datsun. They took vacations typical for middle income couples in Philadelphia. For example, they went to Ocean City, New Jersey, and petitioner paid for the vacation out of her funds. Petitioner kept her money separately. She never had a joint bank account. In 1984, the year after her marriage, petitioner's mother died. Petitioner used her $ 25,000 inheritance to buy a house. 2. Petitioner's Husband and His Business
Petitioner's husband was a self-employed certified public accountant and a tax adviser in the business of preparing income tax returns. He employed several employees and associates at his office. Petitioner had nothing to do with her husband's business. She did not work there. She occasionally *111 visited his place of business for lunch dates. Petitioner's husband did not take business trips away from home. Petitioner did not accompany her husband to any events where business clients were being entertained. Her husband left the house for work at about 11 a.m. and generally returned home about 6 p.m. He maintained regular hours. In 1985, representatives of the IRS visited petitioner's husband at his place of business. Her husband advised petitioner that he and his business could have some problems with the IRS, but that the problems were not substantial. However, she was not concerned because she believed her husband to be a tax expert who could handle this problem. She believed she could not provide any assistance, having no knowledge of taxes or tax training. Petitioner's husband's lawyer told her that some of the deductions taken on the return could not be substantiated. Petitioner's husband had a problem with drinking. Around 1985 petitioner became aware that her husband was using drugs because he occasionally brought drugs into their home. He later sought counseling for substance abuse. On February 9, 1988, petitioner's husband and his coconspirators pleaded *112 guilty to various criminal tax offenses in the case of United States v. Thomas K. Schneider, Joseph Coady, Francis A. Hanna, James W. Monahan, and Joseph Sonsini, Criminal No. 88-00002, United States District Court for the Eastern District of Pennsylvania. Petitioner's husband pleaded guilty to one count of conspiring to defraud the United States in violation of 18 U.S.C. sec. 371, and six counts of aiding the preparation of false income tax returns in violation of 26 U.S.C. sec. 7206(2). He and his colleagues were in the business of preparing fraudulent tax returns. He was sentenced to 3 years in Federal prison for those crimes. 3. Petitioners' Income Tax Returns
Petitioner filed joint returns in 1984, 1985, and 1986. The 1984 return was dated February 11, 1985. She signed the returns willingly, relying upon her husband who had prepared them. She had never prepared a tax return. Her brother, also an accountant, prepared her Federal income tax returns from 1964 until she married. She felt that she had no reason to question the returns prepared by either of them. Petitioner and her husband reported $ 23,308 in income in their 1984 return. This included $ 23,286 *113 as petitioner's wages. The Schedule C attached to their 1984 return, included $ 193,406 in gross income from petitioner's husband's business. Deductions for his business included $ 6,251 for advertising, $ 3,072 for car expenses, $ 111,121 for commissions, $ 1,944 for dues and publications, $ 321 for insurance, $ 7,023 for office expenses, $ 8,090 for rent, $ 4,866 for supplies, $ 1,807 for taxes, $ 43,695 for travel and entertainment, and $ 4,829 for utilities, resulting in $ 387 net income. Respondent mailed the notice of deficiency on December 29, 1989. For 1984 respondent determined adjustments of $ 61,166 for unreported gross income, $ 43,695 for unsubstantiated travel and entertainment expenses, and $ 3,072 for unsubstantiated car and truck expenses. Respondent also determined adjustments in petitioners' favor of $ 7,198 for rent expense and $ 2,245 for married couple deduction. The total adjustment for 1984 was $ 98,490. For 1985, respondent determined adjustments of $ 7,453 for travel and entertainment expenses, $ 11,855 for office expenses, and $ 1,795 for advertising expenses, for a total adjustment of $ 21,103. For 1986 respondent determined a $ 9,432 adjustment *114 for office expenses and an investment tax credit recapture adjustment. The disallowed deductions claimed on petitioner's returns for the year at issue and the omitted income in 1984 related to petitioner's husband's business. Petitioner has filed Federal individual income tax returns every year of her working life, including 1988 when she filed a separate return. Her adjusted gross income for 1988 was $ 28,014. OPINION 1. Innocent Spouse Relief
A husband and wife who file a joint return are jointly and severally liable for the tax due on their joint income and for any resulting additions to tax. Sec. 6013(d)(3). However, section 6013(e) provides that a spouse may be relieved of joint and several liability in certain circumstances. To obtain relief under section 6013(e), the person asserting innocent spouse status must prove that: (1) A joint return was filed for the year; (2) there is a substantial understatement of tax attributable to grossly erroneous items of the other spouse on the return; (3) the spouse desiring relief did not know, and had no reason to know, of the substantial understatement when signing the return; and (4) taking into account all the facts and *115 circumstances, it is inequitable to hold the spouse seeking relief liable for the deficiency. Sec. 6013(e)(1). A taxpayer must prove compliance with each of these provisions. Purcell v. Commissioner, 826 F.2d 470, 473 (6th Cir. 1987), affg. 86 T.C. 228 (1986); Sonnenborn v. Commissioner, 57 T.C. 373, 381 (1971). However, we are mindful that in enacting section 6013(e) Congress "intended the exception to remedy a perceived injustice, and we should not hinder that praiseworthy intent by giving the exception an unduly narrow or restrictive reading." Sanders v. United States, 509 F.2d 162, 166-167 (5th Cir. 1975); accord Allen v. Commissioner, 514 F.2d 908, 915 (5th Cir. 1975), affg. in part and revg. in part 61 T.C. 125 (1973). a. Joint Return
Petitioner filed a joint return for the years at issue and meets the requirements of section 6013(e)(1)(A). b. Grossly Erroneous Items
Any item omitted from gross income is grossly erroneous. Sec. 6013(e)(2)(A). Petitioners' 1984 return omitted $ 61,166 from gross income as determined by respondent from petitioner's *116 husband's business. Petitioner meets the grossly erroneous requirement for this omission. A claim of deduction, credit, or basis is grossly erroneous if it has no basis in fact or law, sec. 6013(e)(2)(B), which generally means it is groundless, frivolous, or phony. Douglas v. Commissioner, 86 T.C. 758, 762-763 (1986); Purcell v. Commissioner, 86 T.C. 228, 240 (1986), affd. 826 F.2d 470 (6th Cir. 1987); Sivils v. Commissioner, 86 T.C. 79, 83 (1986). The disallowance of those deductions by respondent is not sufficient to prove that they had no basis in fact or law. Douglas v. Commissioner, supra at 763. Although petitioner did not explicitly concede the underlying deficiencies as her husband did, she did not argue that they were incorrect. We treat her lack of argument as a concession. Petitioner's concession of the disallowed deductions is not sufficient to establish that they are grossly erroneous. Purcell v. Commissioner, 86 T.C. at 239. All of the adjustments related to petitioner's husband's business. We conclude that the travel and entertainment adjustments *117 had no basis in fact for several reasons. He did not travel on business where he was away from home overnight. He generally left his home at about 11 a.m. and returned around 6 p.m. He never included petitioner in any business entertainment or travel. Thus, we believe the travel and entertainment deductions taken on petitioner's return, for which adjustments were made, were phony. The remaining disallowed deductions, such as auto, office expenses, and advertising expenses have not been proven to be grossly erroneous. Petitioner argues that her husband's conviction for preparing false returns for other taxpayers is sufficient to prove that the deductions in this case are grossly erroneous. We disagree. Respondent's grounds for disallowing the deductions were petitioners' failure to substantiate them and, if substantiated, failure to show that the expenses were ordinary and necessary business expenses. Petitioner Thomas Schneider did not testify in this case. Petitioner testified that her husband's lawyer told her that some of the deductions taken on the return could not be substantiated. However, this does not convince us that the deductions were grossly erroneous. There *118 is no persuasive evidence in the record that the claimed deductions, other than for travel and entertainment, were frivolous, fraudulent, or phony. Likewise, petitioner has failed to prove that the self-employment tax or investment credit adjustments were grossly erroneous. Accordingly, we conclude that petitioner has not shown these other items to be grossly erroneous. c. Knowledge of the Understatement
Petitioner must establish that in signing the return she did not know, and had no reason to know, that a substantial understatement existed. Sec. 6013(e)(1)(C). She testified that she had no actual knowledge of a substantial understatement of income tax. We believe her statement. The test to decide whether a taxpayer had reason to know of the substantial understatements is whether, at the time of signing the returns, a reasonable person in taxpayer's circumstances, e.g., intelligence, emotional state, level of involvement in the financial transactions giving rise to the income, could have been expected to know of the substantial understatements. Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th Cir. 1989), affg. T.C. Memo. 1988-63; *119 Shea v. Commissioner, 780 F.2d 561, 566 (6th Cir. 1986), affg. on this issue T.C. Memo. 1984-310; Sanders v. United States, supra at 166-168. However, a spouse may not close his or her eyes to unusual or lavish expenditures which might have alerted him or her to unreported income, Terzian v. Commissioner, 72 T.C. 1164, 1170 (1979); Mysse v. Commissioner, 57 T.C. 680, 699 (1972), because section 6013(e) is designed to protect the innocent, not the intentionally ignorant. See Hayes v. Commissioner, T.C. Memo. 1989-327. Significant factors in deciding whether a spouse had reason to know of a substantial understatement of tax include: (1) The alleged innocent spouse's participation in business affairs or bookkeeping Quinn v. Commissioner, 62 T.C. 223 (1974), affd. 524 F.2d 617 (7th Cir. 1975); (2) the other spouse's refusal to be forthright concerning the couple's income Adams v. Commissioner, 60 T.C. 300 (1973); and (3) the presence of unusual or lavish expenditures Mysse v. Commissioner, supra at 699. *120 As a corollary to unusual or lavish expenditures, an increase in a couple's general standard of living may also put a spouse on notice of unreported income. Flynn v. Commissioner, 93 T.C. 355, 366 (1989); Mysse v. Commissioner, supra at 698-699. Petitioner had no knowledge or involvement with her husband's business. We believe that her husband concealed the understatements in tax from her. We find no evidence of lavish gifts or a lavish lifestyle. Petitioner had a separate checking account and paid her own bills. Respondent argues that petitioner had several warning signals that should have prompted her to more closely examine her returns. Respondent argues that the small amount of reported income from her husband's business should have alerted petitioner. Respondent relies on Norgaard v. Commissioner, T.C. Memo. 1989-390, affd. in part and revd. in part 939 F.2d 874 (9th Cir. 1991), and Ayer v. Commissioner, T.C. Memo. 1989-614, for the proposition that petitioner should be reasonably charged with knowledge of the understatement because a small amount of taxable income was *121 reported from her husband's C.P.A. practice. In Norgaard v. Commissioner, supra, we held that the fact that the taxpayers reported income exclusive of Schedule A expenses of $ 7,465, which was the only income to support a family of five, should have put the taxpayer seeking innocent spouse relief on sufficient notice to review the return. Similarly, in Ayer v. Commissioner, supra, the Court found that the amount of income the taxpayers reported could not have supported their lifestyle, and that the taxpayer seeking innocent spouse relief would have known of that fact. In contrast, here, the reported income, $ 23,308, was sufficient to support petitioner and her husband's modest standard of living. Petitioner's lifestyle was commensurate with the amount of income reported. The reported income for the years here in issue was sufficient to provide a reasonably comfortable manner of living for a family. Terzian v. Commissioner, supra at 1171. Petitioner did not "close her eyes" to unusual or lavish expenditures, Mysse v. Commissioner, supra.
Respondent argues that Forms W-2 issued in *122 petitioner's name by her husband's business for 1985 and 1986 should have prompted her to inquire further. The Forms W-2 described by respondent were not issued for 1984, or known to petitioner when the 1984 return was filed; thus we do not consider them in deciding whether petitioner had reason to know of the substantial understatement for 1984. However, we believe that they should have prompted petitioner to more closely examine her 1985 and 1986 returns. Respondent relies on Robinson v. Commissioner, T.C. Memo. 1990-235, in which we hold that the taxpayer should have known of the substantial understatement from the fact that her husband was being investigated by the FBI for accepting illegal bribes and kickbacks. See also Newton v. Commissioner, T.C. Memo. 1990-606; Krause v. Commissioner, T.C. Memo. 1991-13. In contrast we conclude from the record here that petitioner was not aware of her husband's criminal activities when their 1984 return was prepared. Petitioner's husband told her in 1985 he could have some problems with his business but that they weren't substantial. Petitioner's husband pleaded guilty on February *123 9, 1988. There is no indication that petitioner was aware of her husband's criminal activity when the 1984 return was filed. Based on the dates in the record, we conclude she did not know of the criminal activity by the time the 1984 return was filed. Also, petitioner did not realize the extent of her husband's alcohol and drug abuse until around late 1985 or 1986. A taxpayer may not have reason to know of a substantial understatement in one year, and have it in a later year. For example, this may occur if the innocent spouse learns of embezzlement activities of the other spouse after the time the return for the first year is filed. Anderson v. Commissioner, T.C. Memo. 1975-104, see Bonhag v. Commissioner, T.C. Memo. 1980-138. That is the circumstance here. Under the facts and circumstances of this case we conclude that petitioner did not know or have reason to know of any of the understatements for 1984, but did have reason to know of the understatements for 1985 and 1986. d. Inequitable to Hold Petitioner Liable
In deciding whether it is inequitable to hold a spouse liable for a deficiency, we take into account whether the person *124 desiring relief as an innocent spouse significantly benefited, either directly or indirectly, from the items at issue. Belk v. Commissioner, 93 T.C. 434, 440 (1989); Purcell v. Commissioner, 86 T.C. 228, 242 (1986), affd. 826 F.2d 470 (6th Cir. 1987); H. Rept. 98-432 (Part 2) 1501, 1502 (1984); sec. 1.6013-5(b), Income Tax Regs.
Normal support is not a "significant benefit" for purposes of determining whether it is inequitable to hold petitioner liable for the deficiency. Terzian v. Commissioner, supra at 1172; Hayes v. Commissioner, supra; sec. 1.6013-5(b), Income Tax Regs. Normal support is determined by the circumstances of the parties. Sanders v. United States, supra at 168; Flynn v. Commissioner, supra at 367. We believe petitioner did not significantly benefit from the understatements. To impeach petitioner, respondent sought to establish that petitioner did not file a 1988 return. When respondent raised this issue, petitioner introduced into evidence: (1) Her copy of her 1988 tax return dated March 20, 1989, that indicates *125 she owed $ 64, and (2) her canceled check dated March 27, 1989, made payable to the Internal Revenue Service for $ 64 with the memo "For: Federal taxes due", and her Social Security number. The back of the check includes IRS and bank markings. Respondent later conceded that petitioner had filed her 1988 return. Petitioner paid for her own normal support. She paid for the living quarters. We find no evidence of a lavish lifestyle or of any significant benefit to petitioner from the understated income. We conclude that it would be inequitable not to provide petitioner with innocent spouse relief in this case for omitted income and the travel and entertainment deductions in 1984. e. Understatement as Percentage of Adjusted Gross Income
Petitioner must also prove that her liability exceeds a specified percentage of gross income in the preadjustment year. Sec. 6013(e)(4); Bokum v. Commissioner, 94 T.C. 126, 138 (1990); Hoch v. Commissioner, T.C. Memo. 1988-184; see also Farmer v. United States, 794 F.2d 1163, 1165 (6th Cir. 1986). The preadjustment year is the most recent taxable year of the spouse ending before *126 the date the deficiency notice is mailed. Sec. 6013(e)(4)(C). Respondent mailed the notice of deficiency in 1989. Thus, petitioner's preadjustment year is 1988. Liability for this purpose includes additions to tax and interest with the tax deficiency. McRae v. Commissioner, T.C. Memo. 1988-374, n.4. When, as here, petitioner's adjusted gross income is more than $ 20,000, her liability must be greater than 25 percent of adjusted gross income for the preadjustment year. Sec. 6013(e)(4)(B). Her adjusted gross income for 1988 was $ 28,014 of which 25 percent is $ 7,003.50. We do not include petitioner's husband's income in her adjusted gross income. The deficiencies for 1984 exceeds $ 7,003.50. Thus, petitioner satisfies section 6013(e)(4) for 1984. After reviewing the entire record, we hold that petitioner Joanne Schneider is entitled to relief as an innocent spouse to the extent the deficiencies result from unreported income and travel and entertainment deductions in 1984, but not for any other deductions or credits. To reflect concessions and the foregoing, Decision will be entered under Rule 155. Footnotes
1. Fifty percent of the interest due on $ 45,582. ↩
2. Fifty percent of the interest due on $ 15,134 (1985) and $ 2,386 (1986).↩